MASSEY-HERNDON SHOE COMPANY *v.* POWELL.

Opinion delivered December 24, 1897.

SUPREME COURT—ORIGINAL JURISDICTION.—The supreme court has no original jurisdiction to hear and determine a motion for a summary judgment against a sheriff for failure to return an execution issued from such court and directed to and received by such sheriff. (Page 515.)

Petition for summary judgment for failure to return execution.

*J. M. Pittman, J. W. Walker, W. L. Stuckey* and *Nathan B. Williams*, for appellants.

The supreme court has jurisdiction to render summary judgment against one refusing to obey its mandates. Sand. & A. Dig.; §§ 4245–4252; 2 Ark. 93; dissenting opinion in 25 Ark. 354; 29 Ark. 208.

*W.S. McCain*, for respondent.

This court has no jurisdiction. Sand. & H. Dig., § 3107, and note 2.

BUNN, C. J. This is a motion for summary judgment, made by the plaintiffs against the defendant, as sheriff, for failure to return an execution issued out of this court, directed to him and received by him.

The first, if not the only, question in this case is whether or not this court has jurisdiction to hear and determine the motion, which is made under and in conformity to the provisions of the statute on the subject. The petition shows that the plaintiff in this action obtained final judgment against D. B. Elliott, H. Combs, William Tucker, A. J. Tucker, A. J. Patrick, James Patrick and E. C. Combs for the sum of $673.73 and interest, and that execution was issued by the clerk of this court, directed and delivered to the defendant, and charges that he failed to return the same in the time and as required by law. It is manifest that this is a different proceeding from the original suit. The parties are different, the object of the present suit is

not the same, and, consequently, this is a new suit, and an original proceeding.

As regards the jurisdiction of this court, the constitution of this state says: "The supreme court, except in cases otherwise provided in the constitution, shall have appellate jurisdiction only, which shall be co-extensive with the state, and under such restrictions as may from time to time be prescribed by law" (first part of § 4, art. 7, constitution); and the only other reference to the subject which affects the question before us is contained in section 5 of the same article, which reads as follows: "In the exercise of original jurisdiction, the supreme court shall have power to issue writs of *quo warranto* to the circuit judges and chancellors, when created, and to officers of political corporations, when the question involved is the legal existence of such corporations."

The petition does not set forth or refer to any of the cases the original jurisdiction to hear and determine which is conferred upon this court by the constitution, and this court, having jurisdiction of no other kind of cases, has no jurisdiction to hear and determine the matters and things set forth in the petition, and judgment, accordingly, is here rendered for the defendant.