STATE *v.* CLAY COUNTY.

Opinion delivered January 17, 1910.

1. CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTION.—A constitution must be considered as a whole, and sections relating to the same subject must be read in connection with each other. (Page 232.)

2. QUO WARRANTO—JURISDICTION OF SUPREME COURT.—Section 4, art. 7, Const. 1874, providing that the Supreme Court, in aid of its appellate and supervisory jurisdiction, shall have power to issue the writ of quo warranto, contemplates that such writ shall be issued either in

aid of its appellate jurisdiction upon the merits of a cause or of its supervisory control over inferior courts to compel them to perform their proper functions.   (Page 232.)

3. SAME—ORIGINAL JURISDICTION OF SUPREME COURT.—Under section 5, art. 7, Const. 1874, providing that "in the exercise of original jurisdiction the Supreme Court shall have power to issue writs of quo warranto to the circuit judges and chancellors, and to officers of political corporations when the question involved is the legal existence of such corporations," the original jurisdiction of the Supreme Court to issue the writ of quo warranto is confined to the two classes of cases named therein.   (Page 233.)

4. SAME—EXISTENCE OF POLITICAL CORPORATION.—An action of quo warranto which seeks to question the authority of the officers of one county to exercise authority over certain territory alleged to belong to an adjoining county is not an action involving the existence of the former county within Const. 1874, art. 7, § 5, authorizing the Supreme Court to issue the writ of quo warranto "to officers of political corporations when the question involved is the legal existence of such corporations."   (Page 233.)

Quo warranto; petition dismissed.

*Hal L. Norwood,* Attorney General, and *Huddleston & Taylor,* for petitioner.

1. Power to issue, hear and determine the writ of quo warranto in the exercise of original jurisdiction is conferred upon this court by sec. 4, art. 7 of the Constitution. If it was the intention to confer upon the Supreme Court power to issue the writs enumerated in this section only in aid of its *appellate* jurisdiction, then the writ of quo warranto should not have been mentioned in said section, it being "in no sense a writ of correction or revision." 59 S. W. 118; 2 Spelling on Injunctions (2 Ed.), § 1773. The circuit court is the proper tribunal in which to apply for the non-prerogative writ of quo warranto, to be used in litigating private rights (secs. 7981-7989, Kirby's Dig.; 27 Ark. 13; 28 *Id.* 451; 81 *Id.* 29); but this does not deprive this court of its original jurisdiction in matters affecting the public. 66 N. W. 239; 35 Wis. 521. The weight of authority is to the effect that the mentioning of the writ of quo warranto in connection with other writs (error, supersedeas, certiorari, etc.) negatives the idea that such writs are only to serve as auxiliaries in the exercise of appellate jurisdiction. 1 Morris (Ia.) 42; 1 Wis. 317; 9 Colo. 248; 66 N. W. 234.

The provisions of the Constitutions of 1861 and of 1874 with regard to the jurisdiction of this court are almost identical; and under the former Coustitution the Confederate Supreme Court had precisely this question squarely presented in the case of *State ex rel.* v. *Williams.* It was there held that the court had jurisdiction of the prerogative writ of quo warranto. That opinion should be of controlling weight here. See also 26 Ark. 282.

- 2. The Supreme Court has jurisdiction to issue the writ of quo warranto in the case at bar in the exercise of its "supervisory jurisdiction." 12 Ark. 112; 44 *Id.* 221; 13 L. R. A. (N. S.) 768; 63 Pac. 400; 72 Pac. 512; 1 Cranch 371.

3. Original jurisdiction is conferred upon this court by sec. 5, art. 7, of the Constitution. A county is a political corporation (2 Cyc. 341); and the question here involved is the legal existence, in part, of such a corporation. 8 Cyc. 741; Lieber's Hermeneutics, 170; 35 L. R. A. 745; 97 N. W. 385; 28 Ark. 456.

*R. H. Dudley* and *G. B. Oliver,* for respondents.

1. Under the Constitution of 1836, beginning with the case of Ex parte *Allis,* 12 Ark. 101, and continuing as long as that Constitution was in force, it was repeatedly held that this court had no original jurisdiction except in aid of its supervisory power, and that the terms "appellate jurisdiction" and "supervisory control" are descriptive of two separate and distinct powers, and are not interchangeable. 44 Ark. 221. This was overruled by the decision in *State ex rel.* v. *Williams* (unreported) and in 26 Ark. 282. The framers of the Constitution of 1874 then settled the question by expressly providing (sec. 5, art. 7) the extent to which the Supreme Court shall have original jurisdiction.

2. Power to issue the writ in the exercise of its "supervisory jurisdiction" does not authorize its issuance in the present case, for the reason that this court's supervisory jurisdiction does not extend to courts below the circuit and chancery, from the judgments and decrees of which latter courts alone the right of direct appeal to this court lies. 9 U. S. (3 L. Ed.) 70; 3 Pet. 193; 31 N. W. 434; 52 Pac. 568; 66 Mo. 192; 20 S. W. 21; 18 Ala. 521; 51 *Id.* 42; 55 *Id.* 42; 10 Wheat. 192; 23 So. 524; 37 Ark. 318; 37 *Id.* 386; 39 *Id.* 82; 42 *Id.* 117; 44 *Id.* 221; 50 *Id.* 266; 60 *Id.* 124; 68 *Id.* 555.

3. This court has no inherent jurisdiction. 39 Ark. 82; 11 Cyc. 661b; § 11, art. 7, Const. And, the legal existence of Clay County not being involved, this court has no jurisdiction in the present case under section 5 of article 7. Nor is the writ of *quo warranto* petitioner's proper remedy. 3 Ark. 485; High, Extr. Leg. Rem. 618; 55 Ill. 172; 65 Ind. 492; 69 Ala. 261; 22 Ga. 506; 31 Ia. 432; 55 Tex. 450; 91 Mich. 459; 104 Ind. 344; 55 Ind. 576; Kirby's Dig., § § 7981-7989.

HART, J. This case invokes the original jurisdiction of this court. It is an application by the Attorney General in the nature of an information by the State against the officers of Clay County to test their right to exercise jurisdiction over certain described territory. The petition alleges that said officers and their predecessors in office since April 30, 1895, have unlawfully and wrongfully assumed jurisdiction over said territory, which it is alleged lies without the limits of Clay County, Arkansas, and within the limits of Greene County, Arkansas.

The defendants demurred to the petition.

It is contended by the counsel for the State that the power to issue, hear and determine the writ of *quo warranto* in the exercise of original jurisdiction is conferred upon this court by section 4, article 7, of our present Constitution. They chiefly rely on the case of *State* v. *Williams,* an unreported decision of this court, construing section 2, article 6, of the Constitution of 1861, to sustain their contention.

Section 2 reads as follows: "The Supreme Court, except in cases otherwise directed by this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations as may, from time to time, be prescribed by law. It shall have a general superintending control over all inferior and other courts of law and equity. It shall have power to issue writ of error and supersedeas, certiorari and habeas corpus, mandamus and quo warranto and other remedial writs in aid of its appellate jurisdiction, and to hear and determine the same."

The court held that the phrase "in aid of its appellate jurisdiction" limited only the words "other remedial writs," and that the Supreme Court had original jurisdiction to issue the writ of quo warranto under the section of the Constitution quoted.

"in aid of its appellate jurisdiction," added thereto the words "and supervisory," and placed them before the clause which gives the court the power to issue certain writs. The section referred to is section 4 of article 7 of the Constitution of 1874, and it reads as follows: "The Supreme Court, except in cases otherwise provided by this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus, and quo warranto, and other remedial writs, and to hear and determine the same. Its judges shall be conservators of the peace throughout the State, and shall severally have power to issue any of the aforesaid writs."

The only other section of the Constitution of 1874, bearing on the question, is section 5, article 7, which reads as follows:

"In the exercise of the original jurisdiction the Supreme Court shall have power to issue writs of quo warranto to the circuit judges and chancellors when created, and to officers of political corporations when the question involved is the legal existence of such corporations."

It is a familiar rule of construction that a Constitution must be considered as a whole, and that sections relating to the same subject must be read in connection with each other. In construing the section in question, this court has uniformly held that appellate jurisdiction only is conferred by section 4, article 7, of the present Constitution, and that the power to issue certain enumerated writs, and to hear and determine the same, is given "in aid of either its appellate jurisdiction upon the merits of a cause, or its supervisory control over inferior courts to compel them to perform their proper functions." The original jurisdiction of the Supreme Court is conferred by section 5, article 7, and is confined strictly to writs of quo warranto in the two classes of cases named therein. This is the effect of our previous decisions construing sections 4 and 5 of article 7 of the Constitution of 1874. Ex parte *Snoddy,* 44 Ark. 211; Ex parte *Batesville & Brinkley Railroad Company,* 39 Ark. 82; *State* v. *Leatherman,* 38 Ark. 81; *Featherstone* v. *Folbre,* 75 Ark. 511; *Carr* v. *State, post* p. 585; *Payne* v. *McCabe,* 37 Ark. 318; *Massey-Herndon Co.* v. *Powell,* 64 Ark. 514.

Therefore, we are of the opinion that the jurisdiction of this court is plainly defined by the Constitution, and that it has no original jurisdiction to issue writs of quo warranto under section 4, article 7.

It is next insisted that such jurisdiction is conferred by section 5, article 7. By that section, original jurisdiction to issue writs of quo warranto is expressly limited to officers of political corporations when the question involved is the legal existence of such corporations.

Does the information state a case within the terms of this clause of the section? We think not. The petition only states that the defendants, as officers of Clay County, have assumed jurisdiction over certain designated territory, which, it is alleged, lies without the limits of Clay County and within the limits of Greene County. It does not question the legal existence of either county. It only questions the right of the officers to exercise the functions of their office in certain designated territory, which, it is alleged, they and their predecessors in office have done since 1895. Hence it may be said that the petition shows affirmatively that the legal existence of the county is not involved.

Section 5, article 7, of the present Constitution, gives this court jurisdiction to issue writs of quo warranto, but prescribes its limits, and we can not extend them beyond the plain and express terms of the Constitution.

We base our opinion on the language of the Constitution itself, which is the source of our jurisdiction, and on former opinions construing the sections under consideration, but we cite the following authorities, which may be read with profit, on the remedies available under the facts as alleged in the petition. High's Extraordinary Legal Remedies (3d Ed.), p. 574, and notes 1 and 2; 2 Spelling on Injunctions and other Extraordinary Remedies (2d Ed.), § 1802, and note 6.

The demurrer to the petition will be sustained; and the application for the writ denied.