WRIGHT *v.* WARD.

Opinion delivered February 15, 1926.

1. CONSTITUTIONAL LAW—SELF-EXECUTING PROVISION.—A constitutional provision is self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of the law.

2. CONSTITUTIONAL LAW—INITIATIVE AND REFERENDUM AMENDMENT SELF-EXECUTING.—Amendment 13, providing, among other things, for a referendum of municipal ordinances, is self-executing, and additional legislation is not essential in order to effect the referendum of such ordinances.

3. MUNICIPAL CORPORATIONS—REFERENDUM OF ORDINANCE—DAY OF ELECTION.—Though· a petition to a town council for referendum of an ordinance asked that the council designate a day named as the date for a special election for the referendum, which was denied by the town council, the fact that the day named had passed before a petition for mandamus was filed in the circuit court would not deprive that court of jurisdiction to name a subsequent day for the election.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Mehaffy & Mehaffy,* for appellant.

*John D. Shackleford,* for appellee.

WOOD, J.  The appellees petitioned the circuit court of Pulaski County for a mandamus to require the appellants, who are the mayor, the town recorder and the aldermen of the town of Alexander, to hold an election on the referendum of a stock ordinance which had been duly passed by the town council.  The petition was in due form, setting out that the petitioners were residents of the State and of the incorporated town of Alexander, and qualified voters of the town, county and State, and that the defendants were the mayor, recorder and aldermen of the town; that they had filed their petition with the recorder of the town, duly verified as required by law, within ninety days after the passage of the ordinance, and containing the requisite number of voters under

Amendment No. 13 to the Constitution, and asking for a referendum on the ordinance to the people at an election of the voters of the town to be held on August 8, 1925. They set out the ordinance. They alleged that Amendment No. 13 was self-executing, in that it provided all the necessary steps for an election on the referendum. The defendants demurred to the petition, and the court overruled the demurrer. The petitioners stood on their petition. The court entered a judgment granting the prayer of the petition and directing the defendants to call an election within a reasonable time at which the voters of the town might vote upon the ordinance of which the petitioners complain, and that the defendants do and perform all acts necessary to carry out and make valid the election. The defendants prayed an appeal from the judgment of the court, which was granted.

1. Amendment No. 13 to the Constitution was adopted in 1920. *Brickhouse* v. *Hill*, 167 Ark. 513. The amendment is in one section divided into numerous paragraphs treating of various subjects under different titles. The next to the last paragraph is as follows: *"Self-executing.* This section shall be self-executing, and all its provisions shall be treated as mandatory, but laws may be enacted to facilitate its operation. No legislation shall be enacted to restrict, hamper or impair the exercise of the 'rights herein reserved to the people." Among other provisions of the amendment, are the following:

"The initiative and referendum powers of the people are reserved to the legal voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith."

"Municipalities may provide for the exercise of the initiative and referendum as to their local legislation. * * * Fifteen per cent. of the legal voters of any municipality or county may order the referendum or invoke the initiative upon any local measure. In municipalities the number of signatures required upon any petition shall be computed upon the total vote cast for the office of mayor at the last preceding general election. * * * The time for filing a referendum petition shall not be fixed at less than thirty days nor more than ninety days after the passage of such measure by a municipal council. * * * Referendum petitions may be referred to the people at special elections to be called by the proper official, and such special elections shall be called when fifteen per cent. of the legal voters shall petition for such special election, and if the referendum is invoked as to any measure passed by a city or town council, such city or town council may order a special election.

"Any measure submitted to the people as herein provided shall take effect and become a law when approved by a majority of the votes cast upon such measure, and not otherwise, and shall not be required to receive a majority of the electors voting at such election. Such measures shall be operative on and after the thirtieth day after the election at which it is approved, unless otherwise specified in the act.

"The result of the vote upon any *.* * municipal or county measure shall be canvassed and declared by the State Board of Election Commissioners or any legal substitute therefor. In submitting measures to the people the officials shall be guided by the general election laws or municipal laws, as the case may be, until additional legislation is provided for."

We are convinced that the provisions of the Constitution, *supra,* as to the referendum on ordinances or measures enacted by municipalities, are self-executing. The provisions of the entire amendment are all embodied in one section, though composed, as we have stated, of various paragraphs on different subjects; and then, after

setting out all these paragraphs with their various provisions, the amendment declares: ''This section shall be self-executing, and all its provisions shall be treated as mandatory.'' Judge Cooley says: ''A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.'' Cooley's Constitutional Limitations, p. 121.

In *People* v. *Fancher,* 50 N. Y. 288, the Court of Appeals of New York says: ''The same general rules which govern the construction and interpretation of statutes and written instruments generally apply to and control in the interpretation of written constitutions. They are made by practical and intelligent men for the practical administration of the government, and they are to receive that interpretation which will give effect to the intent of the framers as deducible from the language employed and operate most benignly in the interest of the governed, and best harmonize with and give effect to the general scope and design of the instruments. As in other written instruments, the intent and design of a particular provision being ascertained from the words used, effect will be given to it in harmony with such intent and design.''

Following these wholesome rules, in view of the provisions above set forth, we are convinced that all the machinery necessary for holding an election on the referendum on ordinances passed by municipalities is provided for in the Constitution and the general statutes. It was the duty of the defendants, the mayor, recorder, and aldermen of the town of Alexander to obey the mandates of the Constitution by providing for a special election at which the voters of the municipality might voice their approval or disapproval of the ordinance in controversy. The allegations of the petitions show that the petitioners had complied with the provisions of the Con-

stitution, which entitled them to have the special election called by the town council as therein directed. It is unnecessary to reiterate these provisions in regard to the election. They are sufficient, when taken in connection with the statutes governing elections (ch. 54, C. & M. Digest), to have the election held and the result thereof declared and the will of the people as thus declared enforced. The amendment is very comprehensive in its provisions, and additional legislation is not essential in order to effectuate the referendum on ordinances passed by the town council. See § 3825, C. & M. Digest, and other sections pertaining to the holding of municipal elections.

It appears that the petition for mandamus was not filed by the petitioners until November 7, 1925. In the petition for referendum to the town council, the petitioners had asked that August 8 be designated as the day for the special election on the referendum on the ordinance which they desired to have voted upon. The appellants contend that, inasmuch as the eighth day of August had passed before the petition for mandamus herein was filed in the circuit court, the circuit court could not grant the relief prayed for. But we do not concur in this view of learned counsel. It would be magnifying form above substance. True, the day had passed originally named in the petition for the referendum because the town authorities had ignored such petition and refused to call the election. It is manifest that the naming of this day was merely suggestive and tentative on the part of the petitioners for the referendum. Certainly it was not binding either on them or the town council whose duty it was to order the special election. It was entirely within the power of the council to order the election, name the day, and provide by ordinance the necessary machinery for holding the same.

The judgment of the circuit court directing and compelling the defendants named in the petition to call an election is sufficient to require the petitioners to provide for the election as prayed for in the petition. The judgment is therefore correct, and it is affirmed.