## SCHICHTEL *v.* UDA.

### Opinion delivered April 11, 1927.

1. CONSTITUTIONAL LAW—PROPER DESIGNATION OF AMENDMENT.—The constitutional amendment providing for referendum elections in the State, counties and municipalities, *held* to be properly designated as No. 7.

2. MUNICIPAL CORPORATIONS—REFERENDUM OF ORDINANCE.—A petition for a referendum election on a town ordinance, under Amendment No. 7, was properly filed with the recorder of the town.

3. MUNICIPAL CORPORATIONS—EFFECT OF REFERENDUM OF ORDINANCE.
—Under Const. Amendment No. 7, providing that any measure referred to the people by referendum petition shall remain in abeyance until a vote is taken, and that the word "measure" includes ordinances, *held* that, where electors have filed a proper petition for a referendum, the operation of the ordinance is suspended until the election is ordered and held.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann*, Judge; reversed.

*John D. Shackleford*, for appellant.

*Mehaffy & Miller*, for appellee.

SMITH, J. Appellant brought suit in replevin to recover possession of a cow which had been taken up by the marshal of the incorporated town of Alexander, while at large upon the streets of the town, in violation of an ordinance requiring stock to be inclosed and kept off the streets. The question presented is whether the ordinance was in effect as such at the time appellant's cow was taken up. The court below held that it was, and, upon this theory, directed the jury to return a verdict against appellant.

Certain citizens of the town who opposed the ordinance undertook to have a referendum ordered upon it, and, as a means to that end, filed with the recorder of the town a petition, the form and sufficiency of which is not questioned, praying that an election be held as is provided for in Amendment to the Constitution No. 7.

The case of *Wright* v. *Ward*, 170 Ark. 464, 280 S. W. 369, involved the identical ordinance here under consideration. There was a petition for mandamus to require the mayor, recorder and aldermen of the town of Alexander to hold an election on the referendum of the ordinance, and we there held that the amendment was self-executing and supplied a sufficient rule by means of which the right of the electors of the town to have a referendum ordered against the ordinance might be enjoyed and protected, and the duty to hold an election be enforced, and it was there ordered that the writ of mandamus be issued as prayed. It appears that, at the time appellant's cow was taken up, an election had not been ordered, although

the petition therefor had been duly filed with the recorder of the town. The question now for decision is therefore whether the ordinance was suspended upon the filing of the petition, although the election had not been ordered.

The amendment in question is commonly referred to as Amendment No. 13, and was so designated in the opinion the case of *Wright* v. *Ward, supra.* The confusion as to its number arises from the fact that it was voted on at the general election in 1918 as Amendment No. 13, and, although declared lost by the Speaker, January 15, 1919 (House Journal, page 45), it was later declared adopted in the case of *Brickhouse* v. *Hill,* 167 Ark. 513, 268 S. W. 865. This amendment superseded original Amendment No. 7, and should therefore be designated by the same number, although, as republished at page 1076 of the Acts of 1925, it is there designated as Amendment No. 9.

By the Amendment No. 7 the power of referendum is reserved to the people of the municipalities of the State, and the requisite number of electors to exercise the power is there designated. It is unnecessary here to discuss the extent of this power. The amendment is in one section, divided into numerous paragraphs, treating of various subjects under different titles. Under the subtitle of the sufficiency of the petition it is provided that:

"Sufficiency. The sufficiency of all statewide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction over all such causes. The sufficiency of all local petitions shall be decided, in the first instance, by the county clerk or the city clerk, as the case may be, subject to review by the chancery court."

The amendment does not expressly state where the petition for the referendum of ordinances shall be filed, but, inasmuch as it is provided that the sufficiency of the petition shall be decided in the first instance by the

city clerk, who is the recorder of the town, we conclude that the petition should be filed with that official.

The petition to refer the ordinance here in question was filed with the recorder of the town of Alexander, and, when this was done—the form and sufficiency of the petition not being questioned—the duty to call the election arose, and in *Wright* v. *Ward, supra,* we held that the performance of this duty could be compelled by mandamus.

In the paragraph of the amendment entitled "Referendum," it is provided that:

"Any measure referred to the people by referendum petition shall remain in abeyance until such vote is taken."

In the paragraph entitled "Local for Municipalities and Counties," it is provided that:

"The initiative and referendum powers of the people are hereby further reserved to the legal voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith."

Other provisions of the amendment touch certain emergency legislation, which need not be here considered further than to say that the ordinance in question did not have the emergency clause.

Another paragraph of the amendment reads as follows.

"Definition. The word 'measure' as used herein includes any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character."

By the express language quoted an ordinance is a "measure" within the meaning of the amendment.

We conclude therefore that, when electors have sufficiently petitioned for the referendum of an ordinance,

and have so far complied with the provisions of Amendment No. 7 that nothing remains but the ministerial act of calling the election (a duty the performance of which may be coerced by mandamus), the operation of the ordinance is suspended, and remains suspended until the election is ordered and held. It is immaterial therefore that the ministerial duty of ordering the election was not performed. The operative effect of the ordinance was suspended, and will remain suspended until the election is held and the ordinance adopted by the electors of the town.

It follows therefore that the ordinance under which appellant's cow was taken up was not in force at that time, and the marshal's action was therefore unauthorized. The judgment of the court below will therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion.

MEHAFFY, J., disqualified and not participating.