The Honorable Lonnie Clark Representative, District 2 P. O. Box 307 Berryville, AR 72616
Dear Representative Clark:
This letter is in response to your request for an official opinion concerning the following question:
 Can a City of the First Class take action on an ordinance that has a referendum pending on said ordinance?
Pursuant to Amendment 7, Initiative and Referendum, of the Arkansas Constitution, the people have the power to:
 . . . prepare legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the power at their own option, to approve or reject at the polls any entire act or any item of an appropriation bill.
This power that is reserved by the people also applies to the local voter of each municipality.
The initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith.
Municipalities may provide for the exercise of the initiative and referendum as to their local legislation.
Arkansas Constitution, Amendment No. 7.
The operation of an ordinance is suspended when the petition for referendum is properly filed.
. . . When electors have sufficiently petitioned for the referendum of an ordinance, and have so far complied with the provisions of Amendment No. 7, that nothing remains but the ministerial act of calling the election, a duty the performance of which may be coerced by mandamus, the operation of the ordinance is suspended and remains suspended until the election is ordered and held.
Schichtel v. UDA, 292 S.W. 981; 173 Ark. 557 (1927).
The city cannot enact any ordinance or contract that would limit the rights of its citizens under Amendment No. 7 of the Arkansas Constitution. In Duncan Parking Meter Corporation v. City of Guerdon, 146 F. Supp. 280 (1956), the Court rules that a contract with the city would not be considered binding if entered into while a referendum was pending before the voters. The Court stated:
 . . . The city had no power to enter into any contract or to enact any ordinance which would limit the rights of the citizens under said amendment.
Duncan at 284.
Therefore, it is my opinion that the original ordinance must be voted on by the citizens pursuant to their right of referendum provided by Amendment No. 7, Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Mark Lewis.