Kenneth SPATZ and Ta–Li Spatz  *v.*  CITY of CONWAY, Arkansas,
Mayor Tab Townsell, Shelia Whitmore, Andy Hawkins, David Grimes,
Adam Weeks, Sandy Brewer, Jack Bell, Mary Smith
and Theodore Jones

05–569                                                    210 S.W.3d 69

Supreme Court of Arkansas
Opinion delivered June 9, 2005

*William, Engstrom, Corum, & Coulter*, by: *Nate Coulter* and *Gary Corum*, for appellants.

*Michael Lee Murphy* and *Mark Hayes*, for appellees.

PER CURIAM. On May 25, 2005, Kenneth Spatz and Ta-Li Spatz (Spatz) filed an original action in this court seeking writ of mandamus. The relief sought was an order of this court to the City of Conway ordering the City to set the date of an election for the date set out in the referendum petition. However, on May 24, 2005, the Circuit Court of Faulkner County entered an order dismissing Spatz's petition for a writ of mandamus seeking an order of the circuit court to the City of Conway ordering the City to set the date of an election for the date set out in the referendum petition.

A petition for a writ of mandamus is an original action. *See, e.g., Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000). Original jurisdiction means the power "to hear and decide a matter before any other court can review the matter." *Black's Law Dictionary* 856 (7th ed. 1999). It is the power to decide a matter in the first instance. *In re T.L.G. and M.E.H.*, 214 Mont. 164, 692 P.2d 1227 (1984).

Jurisdiction to issue a writ of mandamus to a city or officer lies with the circuit court. *See, e.g., Kyzar v. City of West Memphis*, 360 Ark. 454, 201 S.W.3d 923 (2005); *Wright v. Ward*, 170 Ark. 464, 280 S.W. 369 (1926). Under Ark. Code Ann.

§ 16-115-102 (Supp. 2003), jurisdiction lies in circuit court for petitions for a writ of mandamus directed at "inferior courts, tribunals, and officers in their respective jurisdictions."

■ Where an original action is filed in this court in error, this court lacks jurisdiction under our Constitution to hear the matter and may not consider it. *Massey-Henderson Shoe Co. v. Powell*, 64 Ark. 514, 43 S.W. 506 (1897). We also note that obviously original jurisdiction would not lie both in circuit court and in this court. *Rockefeller v. Smith*, 246 Ark. 819, 440 S.W.2d 580 (1969).

■ ■ Spatz correctly filed his petition for a writ of mandamus in circuit court. However, upon dismissal of his petition in circuit court, he may not file the same petition anew in this court. Even if this court had jurisdiction to issue the writ, it would not be available because the writ only issues where there is no other adequate remedy. *Saunders v. Neuse*, 320 Ark. 547, 898 S.W. 2d 43 (1995). Spatz had a right to appeal the decision of the circuit court.

■ We note that Spatz alleges in his pleadings that the circuit court erred in dismissing his petition. In his motion to expedite, Spatz refers to an appeal and seeks review of the decision of the circuit court. However, he filed a petition for a writ of mandamus rather than an appeal. His remedy was by appeal. Because no appeal was filed, no notice of appeal was ever filed. Absent a timely notice of appeal this court has no jurisdiction to act on an appeal. *Ives Trucking Co. v. Pro Transportation, Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). We have no choice but to dismiss the petition, however, we dismiss this petition without prejudice for Spatz to seek such relief as may yet be available under an appeal or otherwise. Because this petition is being dismissed, the court will not address the Motion to Supplement the Record and Motion For Leave to File Amicus Brief.

GLAZE, J., concurs.