The Honorable Booker T. Clemons State Representative 3408 Virginia Street Pine Bluff, Arkansas 71601-7395
Dear Representative Clemons:
I am writing in response to your request for an opinion concerning a referendum petition filed in Pine Bluff. Specifically, you indicate that a referendum petition was filed with the Pine Bluff City Clerk on May 31, 2006. The affected ordinance, which was apparently passed on May 1, 2006, involves the right to appoint the chiefs of the fire and police departments in Pine Bluff. You state the following facts and pose the following questions relating to this matter:
 The concern is that the Arkansas Code Annotated (14-42-110) gives Mayor's of First Class City [sic], power to hire and fire chiefs of police and fire, unless council by vote gives it to the Civil Service Commissioners. It is my understanding from Ms. Whitfield's letter[1] that in the City of Pine Bluff the authority was given to the Civil Service Commissioners in 1995 and on May 1, 2006 Pine Bluff City Council proposed to overturn the council's decision and place this matter to the vote of the people. Therefore, I would like a ruling on whether this local referendum is in conflict with the state law that grants the authority of the mayor? In addition, if no conflict exists when should the election take place?
It is necessary to clarify a few points prior to discussing the law surrounding your two questions. The referendum apparently seeks the referral of a May 1, 2006 ordinance passed by the Pine Bluff City Council, which repeals an earlier 1999 ordinance giving the Pine Bluff Civil Service Commission authority to appoint and remove the chiefs of the police and fire departments.See Pine Bluff Ordinances Nos. 5840 and 6173. The latest ordinance (the May 1, 2006 ordinance), first repeals the 1999 ordinance outright and then states that the "Mayor . . . in accordance with Arkansas Code Section 14-42-110(a) and subject to the provisions thereof, shall have the power to appoint and remove the chiefs of the Fire and Police Departments of the City." I do not see any evidence in the latest ordinance that the "city council proposed to place this matter to the vote of the people" as you suggest above. It is my understanding, however, that a referendum petition was subsequently filed by one Pine Bluff alderman containing the prima facie number of required signatures and seeking referral of the May 1, 2006 ordinance to a vote of the people.
RESPONSE
It is my opinion that the answer to your first question is "no" the referendum is not in conflict with state law. In response to your second question, in my opinion, assuming sufficiency of the petition, the Arkansas Constitution and an existing provision of the Pine Bluff City Code, read together, require the city council to call a special election, the date of which may be set by the city council. The existing provision of the Pine Bluff City Code will control unless it is amended or other local legislative action renders it inapplicable.
Whether this local referendum is in conflict with the state lawthat grants the authority of the mayor?
In my opinion the answer to this question is "no."
The specific state law at issue is A.C.A. § 14-42-110 (Repl. 1998). It provides in pertinent part as follows:
 (a)(1) Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads,
including city and town marshals when an ordinance has been passed making city and town marshals appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.
 (2) Provided, however, that in cities of the first class and second class with civil service commissions, the governing body of the city may, by ordinance, delegate the authority to appoint and remove the heads of the police and fire departments to the city's civil service commission.
(Emphasis added).
The statute was originally adopted in 1981 (see Acts 1981, No. 795), but subsection (a)(2), allowing delegation of appointment power to the civil service commission, was added later, by Acts 1995, Nos. 523 and 914.
In Pine Bluff, the authority to appoint police and fire chiefs was apparently delegated to the civil service commission by Ordinance 5840 in 1999. The more recent ordinance, Ordinance 6173 of 2006, in Section 1, states that "Ordinance 5840, passed on November 1, 1999, is hereby repealed." Section 2 then states that "the Mayor of the City of Pine Bluff, in accordance with Arkansas Code Section 14-42-110(a)(1) and subject to the provisions thereof, shall have the power to appoint and remove the chiefs of the Fire and Police Departments of the City." It is this latest ordinance upon which referendum petitions have been filed.
Arkansas Constitution, Amendment 7 (now codified at art. 5, § 1) establishes the right of local referendum as follows:
 The initiative and referendum powers of the people are hereby further reserved to the legal voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith.
Article 5, § 1 ("Local for Municipalities and Counties").
Your first question is whether a referendum on Ordinance 6173 would be contrary to state law, namely A.C.A. § 14-42-110(a)(1), which gives the power to appoint police and fire chiefs to the mayors of cities and towns. In my opinion the answer is "no." State law does, as you suggest, give the power to appoint police and fire chiefs to the mayor of cities and towns. Since 1995, however, state law has also given the city council in cities of the first and second class the power to take this authority away from the mayor and vest it in the civil service commission. In my opinion a city council's legislative decision to delegate that power to the civil service commission, or to repeal a prior delegation in that regard, is subject to referendum by petition of the people. A referendum on Ordinance 6173 places the most recent ordinance before the voters for their approval or rejection. If Ordinance 6173 is rejected, its repeal of Ordinance 5840 would be of no effect and the former ordinance would still control. The issue placed before the voters is not exclusively whether the mayor shall have authority to appoint the police and fire chiefs, as provided in state law, but also whether to repeal the previous delegation to the civil service commission under A.C.A. § 14-42-110(a)(2).
These facts in this regard are similar to the facts of Lewis v.Conlee, 258 Ark. 715, 529 S.W.2d 132 (1975). In Lewis, the city council in Forrest City passed an ordinance in 1949 creating a civil service commission. In 1975, the city council passed another ordinance repealing the 1949 ordinance and authorizing the Mayor to appoint the chiefs of the police and fire departments. As in the case with Pine Bluff, the latter ordinance "first repeal[ed] [the former ordinance], which set up the Civil Service Commission and thereafter provide[d] that the Chief of Police and Fire Chief shall be appointed by the Mayor, subject to approval by the City Council. . . ." Id. at 717. Although the people's ability to invoke the referendum on the subject matter of appointing police and fire chiefs was not the central issue in the case, the court in Lewis ultimately granted a mandamus petition, requiring the city council to set an election on the question within a reasonably prompt period of time.[2]
Although the relevant statutes have changed since the Lewis
case, in my opinion as long as the city council has the legislative power to determine whether the police and fire chiefs will be appointed by the mayor or by the civil service commission, its actions in this regard are subject to the referendum rights of the local voters.
Question 2 — If no conflict exists when should the election takeplace?
This question is somewhat more complicated. Under Amendment 7 to the Arkansas Constitution, the scheduling of either a special or regular election on a municipal referendum is largely within the discretion (although not unlimited discretion), of the city council.
Amendment 7 provides as follows regarding initiative and referendum elections:
 Election. All measures initiated by the people whether for the State, county, city or town, shall be submitted only at the regular elections, either State, congressional or municipal, but referendum petitions may be referred to the people at special elections to be called by the proper official, and such special elections shall be called when fifteen per cent of the legal voters shall petition for such special election,[3] and if the referendum is invoked as to any measure passed by a city or town council, such city or town council may order a special election.
 Arkansas Constitution, art. 5, § 1 ("General Provisions") ("Election") (emphasis added).
This provision leaves the necessity for, and scheduling of a special election on a municipal referendum to the discretion of the city council, but also authorizes the petitioners to request and secure a special election upon the filing of the requisite number of signatures. See n. 3, supra. If the petitioners request a special election under Amendment 7 and collect the requisite number of signatures, they are entitled to a special election (see Wright v. Ward, supra, n. 3). If petitioners do not request a special election, the matter of calling a special election rests within the discretion of the local municipal officials. Cf. Quattlebaum v. Davis, supra (stating that "[w]e agree with the trial court that the matter of calling a special election, if not exercised by the electors, rests in the discretion of the county court/quorum court. . . .").
In addition to the provisions of Amendment 7, there is also a relevant statute on the question. Section 7-9-111(h)(1) (Supp. 2005) of the Arkansas Code provides in this regard as follows:
 (h)(1) Municipal referendum petition measures shall be submitted to the electors at a regular general election unless the petition expressly calls for a special election. If the date set by the petition does not allow sufficient time to comply with election procedures, then the city or town council shall fix the date for any special election on the referendum measure. The date of any special election shall not be more than one hundred twenty (120) calendar days after the date of certification of sufficiency by the municipal clerk.[4]
(Emphasis added.)
On its face this statute requires the submission of a referendum question at a "regular election," unless the petition requests a special election. It purports to leave the discretion as to the necessity for, and scheduling of, any special election to the petitioners, unless the proffered date does not allow sufficient time to comply with election procedures. See also, A.C.A. §7-9-105 (Supp. 2005) (setting out the form for use in referendum petitions and leaving a blank space for the petitioners to fill in the proposed date of a special election). On the other hand, case law of the Arkansas Supreme Court indicates that, absent a request for a special election, the discretion as whether to call a special municipal referendum election resides in the city council. See, e.g., Quattlebaum v. Davis, supra. In addition, the Court has said that the actual scheduling of a date for the election is a matter for local officials (with some constitutional limitations), rather than the petition sponsors.See, e.g., Lewis, supra at 718-719 ("It is very true, as pointed out by the learned circuit judge, that the matter of setting a date for the election is normally a matter of legislative discretion but only to a degree. In the present instance, it would appear that the date set [twenty-one months away] would, in effect, nullify the intent of Amendment No. 7, and the intent of Ordinance No. 611, which was passed by the Council, pursuant to the provisions of Amendment No. 7 . . .");Gregg v. Hartwick, 292 Ark. 528, 532, 731 S.W.2d 766 (1987) ("[w]e explained in Lewis v. Conlee, Mayor et al., supra, that the matter of setting a date for an election is normally a matter of legislative discretion, but that that discretion cannot be exercised in a fashion that would nullify the intent of amendment 7 . . ."); and Wright v. Ward, 170 Ark. 464, 468, 280 S.W. 369
(1926) ("It is manifest that the naming of this day was merely suggestive and tentative on the part of the petitioners for the referendum. Certainly it was not binding either on them or the town council whose duty it was to order the special election. It was entirely within the power of the council to order the election, name the day, and provide by ordinance the necessary machinery for holding the same . . .").
Based upon this case law, it appears that § 7-9-111(h)(1) may be constitutionally suspect to the extent it purports to prohibit a city council from calling a special election where the petition's sponsors have not sought one. For that reason, although only a court could say for sure, it appears that the better view is that Section 7-9-111(h)(1) does not control the Pine Bluff City Council's discretion to call a special election where the petitioners have not requested one, or to set the date therefor.[5]
This conclusion is reinforced in this instance by an existing ordinance of the City of Pine Bluff requiring a special election on all municipal referendums even if one has not been requested by the petitioners. In this regard the Pine Bluff City Code, § 2-1(c) provides:
 If the city council finds that such a petition is signed by the requisite number of petitioners,[6] it shall order a special election to determine by a vote of the qualified electors whether the ordinance shall stand or be revoked. The date for such election shall not be less than ten (10) days after the order therefore has been made by the council. Such election shall be had and conducted as general municipal elections held in the city.
(Emphasis added.)
Existing ordinances in the City of Pine Bluff therefore dictate the calling of a special election on all municipal referendum matters whether or not one has been requested. Cf. Quattlebaum,supra (explaining that the case of Lewis v. Conlee required a special election even absent a request by the petitioners because a local ordinance dictated it). This local exercise of legislative authority is in accordance with Amendment 7, which gives municipalities the authority to pass ordinances governing the exercise of initiative and referendum rights. Amendment 7 addresses this local authority as follows:
 Municipalities may provide for the exercise of the initiative and referendum as to their legal legislation. General laws shall be enacted providing for the exercise of the initiative and referendum as to counties.
Arkansas Constitution, art. 5, § 1 ("Local for Municipalities and Counties"). See also, Cobb, City Clerk v. Burress,213 Ark. 177, 209 S.W.2d 694 (1948) (discussing Amendment 7's grant of authority to municipalities in this regard and holding that it may not be transgressed by the General Assembly).
In response to your second question, therefore, it is clear under the language of Amendment 7 and the existing Pine Bluff City Code (absent any local legislative action to supersede the existing local provision), that the referendum in controversy should be submitted at a special election, the date of which is within the discretion of the city council, as long as this discretion is exercised consistently with Amendment 7.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Ms. Whitfield is the Pine Bluff City Clerk. You have not enclosed a copy of the letter referenced.
[2] The main issue in Lewis was the timing of the election, which is more relevant to your second question. The city council in Lewis had originally set the date for the election at the next general election, some twenty-one months away. The petitioners sued to force a more prompt election and the court agreed that the unrequested delay was not consistent with the provisions of Amendment 7.
[3] It is not entirely clear whether the language of this phrase, requiring the calling of a special election when fifteen percent of the legal voters shall petition for it, applies to local referendum petitions or only to state-wide referendum petitions. See, however, Quattlebaum v. Davis, 265 Ark. 558,591, 579 S.W.2d 599 (1979) (stating that "Amendment 7 specifically states that a special election may be requested on the timely filing of the requisite number of signatures with the county election board"), and Wright v. Ward, 170 Ark. 464,280 S.W. 369 (1926) (stating that compliance with the municipal referendum requirements of Amendment 7, including a request for a special election, "entitled [petitioners] to have the special election called . . .").
[4] Subsection (h)(2) of the statute provides that: "The special election shall occur on the second Tuesday of any month, except as provided in subdivision (h)(2)(B) of this section." Subsection (h)(2)(B) provides additional requirements on the scheduling of the election.
[5] But see, Kinchen v. Wilkins (No. 05-1402, Ark. Sup. Ct., June 29, 2006), Glaze, J., dissenting. In Kinchen, Justice Glaze would have dismissed an appeal of a municipal referendum case based upon a lack of subject matter jurisdiction occasioned, in his view, by the setting of the election at the wrong time. Justice Glaze reasoned that because A.C.A. § 7-9-111(h) required municipal referendums to be submitted only at regular elections (absent a request by the petitioners for a special election), the trial court did not have authority to enjoin the holding of a special election as requested by the plaintiff. As the majority noted, however, this issue was not raised below. Because Justice Glaze raised this issue sua sponte, as a matter relating to subject matter jurisdiction, any possible arguments as to the constitutionality of A.C.A. § 7-9-111(h) were apparently not developed or considered.
[6] Arkansas Constitution, Amendment 7 ("Sufficiency"), provides that the sufficiency of all local petitions shall be decided in the first instance by the county clerk or the city clerk as the case may be, subject to review by the chancery court." Under the language of the Arkansas Constitution, the city council does not have a role in determining the sufficiency of municipal referendum petitions.