Charlie DANIELS in His Official Capacity as Secretary of State, State of Arkansas; Arkansas Secretary of State's Office, as a State Entity *v.* Johnny WEAVER, et al.

06-1001                                    240 S.W.3d 95

Supreme Court of Arkansas
Opinion delivered September 25, 2006

*Mike Beebe,* Att'y Gen., by: *Ka Tina R. Hodge,* Ass't Att'y Gen., for appellant.

No response.

ROBERT L. BROWN, Justice. On April 28, 2006, Johnny Weaver filed a petition for qualification as an independent candidate for the office of membership in District Thirteen of the Arkansas House of Representatives. On May 2, 2006, the Elections Division of the Secretary of State notified Weaver that because his petition did not contain the required number of verified signatures, his name would not be placed on the ballot for the November 7, 2006 General Election.

On May 31, 2006, Weaver filed an action on behalf of himself and the African American petitioners in District Thirteen in the Phillips County Circuit Court against Charlie Daniels, in his official capacity as Secretary of State for the State of Arkansas as well as the Secretary of State's office as a state entity. Weaver

claimed that the Secretary of State's office had violated the Arkansas Civil Rights Act of 1993 and the 1965 Federal Voters Rights Act, as amended, because its disapproval of Weaver's petition was predicated on race. Weaver further complained that the Secretary of State used unfettered discretion and was arbitrary when reviewing signatures on petitions for independent candidates, which violated the Fourteenth Amendment's proscription against the "arbitrary use of government power." Weaver sought (1) a writ of *mandamus* to require determination of the validity of the signatures on his petition by expert examination and declaratory relief, (2) negative injunctive relief, and (3) determination of class certification.

On June 23, 2006, the appellants, Charlie Daniels as Secretary of State and the Secretary of State's Office (hereinafter referred to jointly as "the State"), moved to dismiss the complaint. The State alleged that the Phillips County Circuit Court lacked subject-matter jurisdiction under Arkansas Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). The State also asserted that Weaver's complaint should be dismissed for failure to plead facts upon which relief could be granted under Arkansas Rule of Civil Procedure 12(b)(6), and that Weaver was not entitled to a writ of *mandamus* because a writ of *mandamus* cannot be used to control the Secretary of State's discretion.

On August 23, 2006, the Phillips County Circuit Court held a hearing on the State's motion to dismiss. Despite the State's objections, the circuit court allowed Weaver and Linda White, the Phillips County Probate Clerk, to testify concerning valid signatures by qualified voters, and the court accepted exhibits that were not part of Weaver's complaint. On August 28, 2006, the circuit court entered an order, finding that the required number of eligible signatures by qualified voters were affixed to Weaver's petition and directing the Secretary of State to place Weaver on the ballot for the November 7, 2006 General Election within ten days from the date of the order, which fell on September 7, 2006. The court also denied the State's motion to dismiss. It is from that order that the State appeals.[1] On September 13, 2006, this court expedited the appeal, pursuant to the State's motion, and requested simultaneous briefs to be filed by September 19, 2006. Only the

---

[1] The State had indicated that a Petition for Writ of Prohibition and Certiorari would be filed in this matter. A motion entitled "Motion to Supplement the Record on Appellants' Appeal and Requests for Writs of Prohibition and/or Certiorari" was filed on September 7,

State filed a brief. This court also denied Weaver's motion for the court to disqualify and the State's motion for a stay of the *mandamus* order.

We first address the State's contention that the Phillips County Circuit Court lacked subject-matter jurisdiction over this case. The State maintains that the relevant statutory authority for petitions and qualification for independent candidates like Weaver is found at Arkansas Code Annotated § 7-7-103 (Supp. 2005). Section 7-7-103(d) reads:

> (d) The sufficiency of any petition filed under the provisions of this section may be challenged in the same manner as is provided by law for election contests, § 7-5-801 et seq.

Ark. Code Ann. § 7-7-103(d) (Supp. 2005).

The operable subsection of § 7-5-801 reads:

> (d) The complaint shall be verified by the affidavit of the contestant to the effect that he believes the statements to be true and shall be filed within twenty (20) days of the certification complained of.

Ark. Code Ann. § 7-5-801(d) (Repl. 2000).

In the instant case, we note that the complaint failed to comply with the required timetable of § 7-5-801(d). Specifically, Weaver was notified that his petition was not certified by letter from the Elections Division dated May 2, 2006. He did not file his verified complaint until May 31, 2006, which was nine days late. This court has held that failure to comply with the election-contest timetable is a matter of subject-matter jurisdiction. *See Willis v. King*, 352 Ark. 55, 98 S.W.3d 427 (2003) (affirming dismissal of election-contest complaint for lack of subject-matter jurisdiction where verification of complaint was filed four days late). *See also King v. Whitfield*, 339 Ark. 176, 5 S.W.3d 21 (1999) (affirming dismissal of election-contest complaint for lack of subject-matter jurisdiction).

■ Though we decide this case on the basis of subject-matter jurisdiction, it is also abundantly clear under state law that Phillips County was an improper venue for this case. *See* Ark.

---

2006. Yet, the body of the motion does not contain a petition for writ of prohibition or *certiorari* and no other document purporting to be such a petition is in the filed record.

Code Ann. § 7-5-801(b) (Repl. 2000). Section 7-5-801(b) states that contests to certification *shall* be brought in Pulaski County when "any state office is involved." *See also* Ark. Code Ann. § 16-60-103(3) (Repl. 2005) (all actions against state officers on account of their official acts must be brought in Pulaski County); *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000) (proper venue was Pulaski County under § 16-60-103(3) for suit against Secretary of State involving her official acts); Ark. Code Ann. § 16-106-101(d) (Repl. 2006) (all actions against a state officer shall be brought in the county where that defendant resides).

Accordingly, we hold that the Phillips County Circuit Court did not have subject-matter jurisdiction to hear Weaver's complaint, and we reverse and dismiss.

Reversed and dismissed.