Dwayne DOBBINS *v.* DEMOCRATIC PARTY of ARKANSAS;
David Pryor, Chariman of Democratic Party; Mariah Hatta,
Executive Director of Democratic Party; Charlie Daniels, Secretary
of State; Pulaski County Election Commission; Kent Walker,
Pulaski County Election Commission Chairman; Martha McCaskill,
Pulaski County Election Commissioner; and Ozell Snider,
Pulaski County Election Commissioner

08–1225 288 S.W.3d 639

Supreme Court of Arkansas
Opinion delivered October 27, 2008

*Morris and Associates, P.A.*, by: *Jimmy C. Morris, Jr.*, for appellant.

*Cahoon & Smith*, by: *T. Benton Smith, Jr.*, for appellees Democratic Party of Arkansas, David Pryor, and Mariah Hatta.

*Dustin McDaniel*, Att'y Gen., by: *Patrick E. Hollingsworth*, Ass't Att'y Gen., for appellee Charlie Daniels.

*Karla M. Burnett*, Pulaski County Att'y, *Amanda M. Mitchell*, Ass't Pulaski County Att'y, and *Chastity D. Scifres*, Pulaski County Staff Att'y, Pulaski County Attorney's Office, for appellee Pulaski County Election Commission.

PAUL E. DANIELSON, Justice. Appellant Dwayne Dobbins appeals the order of the Pulaski County Circuit Court denying his motion for a writ of mandamus, injunction, and declaratory relief for being untimely pursuant to Arkansas Code Annotated section 7-5-801 (Repl. 2007). We find no error and, therefore, affirm.

The material facts of the case are these. Dobbins filed documents with appellee Democratic Party of Arkansas (DPA) seeking to be its nominee for State Representative, District 39. On appeal, he states that he ran unopposed in the primary election; however, on or about July 19, 2008, the DPA declined to certify Dobbins as its nominee for the November 4, 2008 general election. On July 21, 2008, the then-DPA Chairman Bill Gwatney advised Dobbins by letter that he was not certified as the DPA's nominee and returned Dobbins's filing fee.[1]

Dobbins took no further action until twenty-five days prior to the general election, when on October 10, 2008, Dobbins filed a motion for a writ of mandamus, injunction, and declaratory relief, seeking that appellees be directed to certify him and to place him on the ballot for the position of State Representative, District 39. The circuit court held a hearing on October 17, 2008, after which the circuit court dismissed Dobbins's claims, finding that he had failed to timely challenge the nomination within the time provided by Ark. Code Ann. § 7-5-801. Dobbins then filed a notice of appeal from the circuit court's order that same day.

The circuit court's written order was filed on October 21, 2008.[2] The same day, Dobbins moved this court for a writ of mandamus, injunction, and declaratory relief, and further moved to expedite the hearing of his petition. Dobbins prayed for this court to direct the respondents to his petition (here, the appellees) to place him on the ballot for the position of State Representative, District 39. This court granted his motion to expedite and ordered simultaneous briefing by the parties on Dobbins's petition.

Before proceeding to the merits of this case, we must determine whether the case before us is being presented as a writ of mandamus or an appeal. While Dobbins did file a timely notice of appeal with the circuit court and timely lodged the record with our clerk, the motion he then presented and requested this court to expedite was for a writ of mandamus, injunction, and declaratory relief that was almost identical to the writ he filed with the circuit court below. The case was listed on this court's docket as a petition, not an appeal, and the only relief sought in his motion

---

[1] The record reveals that Dobbins cashed the DPA's check refunding his filing fee.

[2] Although the notice of appeal was filed prior to the filing of the circuit court's order, it shall be treated as filed on the day after the order was entered. *See* Ark. R. App. P.–Civ. 4(a) (2008).

was for this court to directly issue a writ of mandamus instructing the adverse parties to replace his name on the ballot.

This court has previously observed that a petition for a writ of mandamus is an original action and that jurisdiction to issue a writ of mandamus to a city or officer lies within the circuit court. *See Spatz v. City of Conway*, 362 Ark. 588, 210 S.W.3d 69 (2005). Dobbins correctly filed his petition for a writ of mandamus in the circuit court; however, upon dismissal of his petition in circuit court, he may not file the same petition anew in this court. *See id.* Even if this court had jurisdiction to issue the writ, such a writ would not be available because the writ only issues where there is no other adequate remedy. *See id.* (citing *Saunders v. Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995)). Here, Dobbins had the right to appeal the decision of the circuit court.

Although this case may well have been improperly presented as a writ of mandamus directed to this court, we are aware of the unique circumstances involved. The merits of this case involve an upcoming election and, therefore, time is of the essence. As we are mindful of that fact and of the need for judicial economy, and because Dobbins did timely file a notice of appeal, we will treat this case as an appeal from the circuit court's order denying Dobbins's request for the writ.

The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *See Republican Party of Garland County v. Johnson*, 358 Ark. 443, 193 S.W.3d 248 (2004). Dobbins argues that the circuit court erred by applying Ark. Code Ann. § 7-5-801 and finding that his writ was untimely because it was not filed within twenty days of the date the DPA declined to certify him as its nominee. We find no error and affirm.

The private postelection right to challenge an election is provided by Ark. Code Ann. § 7-5-801. Section 7-5-801 states:

> (a) A right of action is conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election.

> (b) The action shall be brought in the circuit court of the county in which the certification of nomination or certificate of vote is made when a county or city or township office, including the office of county delegate or county committeeman, is involved, and

except as provided in this subchapter, within any county in the circuit or district wherein any of the wrongful acts occurred when any circuit or district office is involved, and except as provided in this subchapter, in the Pulaski County Circuit Court when the office of United States Senator or any state office is involved.

(c) If there are two (2) or more counties in the district where the action is brought and when fraud is alleged in the complaint, answer, or cross-complaint, the circuit court may hear testimony in any county in the district.

(d) The complaint shall be verified by the affidavit of the contestant to the effect that he or she believes the statements to be true and shall be filed within twenty (20) days of the certification complained of.

(e) The complaint shall be answered within twenty (20) days.

Here, Dobbins clearly objected to the certification. Although, technically, his objection was that the DPA *failed to certify* him as a general-election candidate, this court has previously applied this statute to a failure to certify. *See Daniels v. Weaver*, 367 Ark. 327, 240 S.W.3d 95 (2006). Therefore, Dobbins had twenty days after he was denied certification to contest the certification. As previously noted, the decision not to certify Dobbins was made by the DPA on July 19, 2008, the DPA notified Dobbins by letter dated July 21, 2008, and Dobbins did not file his motion with the circuit court until October 10, 2008.

Dobbins contends that the facts of this case are distinguishable from those presented in *Weaver, supra,* because he asserts that unlike Weaver, he had been placed on the ballot and then "illegally removed" from the ballot by the DPA. However, the record is clear that while he ran unopposed in the primary election, the DPA chose not to certify him to be placed on the general-election ballot. His name was never placed on the ballot for the general election and, therefore, he was not "illegally removed" from the ballot. His remedy was to contest the DPA's failure to certify him for placement on the ballot.

We hold that Dobbins did not timely challenge the DPA's failure to certify him for placement on the general-election ballot within the twenty days required by Ark. Code Ann. § 7-5-801. Therefore, the circuit court did not abuse its discretion by

denying Dobbins's motion, and we, accordingly, affirm. The mandate herein will issue on October 30, 2008, unless a petition for rehearing is filed. Any petition for rehearing must be filed by October 28, 2008, and any response by October 29, 2008.

Affirmed.

WILLS, J., not participating.