Josephine Linker Hart, Justice dissenting.
The court failed to conduct a proper constitutional analysis in Board of Trustees v. Andrews , 2018 Ark. 12, 535 S.W.3d 616, and as a result, Andrews was wrongly decided. The Arkansas Constitution is a complex legal document that, to be properly interpreted, requires harmonizing a large number of related provisions. Wright v. Ward , 170 Ark. 464, 467, 280 S.W. 369, 370-71 (1926) ; see also Ark. Dep't of Comm. Corr. v. Barnes , 2018 Ark. 122, 542 S.W.3d 841 (Hart, J., dissenting); City of Jacksonville v. Smith , 2018 Ark. 87, 540 S.W.3d 661 (Hart J., dissenting); Bd. of Trs. v. Andrews , 2018 Ark. 12, 535 S.W.3d 616 (Baker, J., dissenting). No majority opinion from this court has ever undertaken this type of analysis.
Despite the overbroad holding in Andrews , it does not annul the right of a citizen to seek redress in the courts of this state if a public official has engaged in an ultra vires act. This right is not affected *356 by article 5, section 20 and cannot be canceled by a decision of this court.
I submit that hiring a person and refusing to pay that person in accordance with the laws of this state is an ultra vires act. Article 2, section 8 of the Arkansas Constitution guarantees that no person shall be denied his property without due process of law. A person's lawfully earned wages are without question property. Accordingly, the circuit court did not err in refusing to dismiss this case pursuant to article 5, section 20.
I dissent.