CITY OF EUREKA SPRINGS, Arkansas *v.*
Bruce BRIGHTMAN et al

5-4443                                              422 S. W. 2d 681

Opinion delivered January 15, 1968

*Oliver L. Adams Jr.,* for appellant.

*M. D. Anglin,* for appellees.

PAUL WARD, Justice. This appeal calls for a determination of the force and effect of a municipal Resolution invoking certain provisions of the Housing Authorities Act. Set out below is a summary of the pertinent background facts which are not in dispute.

On March 31, 1966, the Commissioners of Eureka Springs adopted Resolution No. 94 declaring the *need* for a Housing Authority in the City. On May 18, 1967 the City published the Resolution in a local newspaper. On June 15, 1967 a petition, signed by the required number of electors, calling for a referendum on the Resolution was presented to the clerk. The City clerk refused to file the petition on the ground that it was not timely filed as required by Amendment 7 of the Arkansas Constitution—*i.e.* "within thirty days after the passage of such a measure by a municipal council." On August 7, 1967 the petitioners (by proper pleadings) asked the Circuit Court to compel the City Commissioners to call an election. The Circuit Court held that Resolution 94 was general and permanent in nature, that it should be considered as an "Ordinance" which required publication before final enactment, and that an election must be called. The City now prosecutes this appeal.

For a reversal the City (appellant) relies on only one point:

"The only issue on appeal is one of law, *i. e.* whether or not Resolution 94 as passed by the City Com-

missioners of Eureka Springs, Arkansas, was a Resolution, or, in fact, an Ordinance?"

For reasons hereafter stated, it is our conclusion that the holding of the trial court must be affirmed.

Among other things Amendment No. 7 provides:

"Municipalities may provide for the exercise of the initiative and referendum as to their local legislation."

\* \* \*

"Fifteen percent of the legal voters of any municipality . . . may order the referendum . . . upon any local *measures.*" (Emph. supplied.)

\* \* \*

"In municipalities . . . the time for filing an initiative petition shall be fixed . . . for a *referendum* petition at not less than thirty days . . . of the passage of such *measure* . . . ." (Emph. supplied.)

"The word '*Measure*' as used herein includes . . . *resolution . . . or enactment of any character.*" (Emph. supplied.)

Ark. Stat. Ann. § 19-2404 (Repl. 1956)—being § 1, Act 36 of 1949—in parts pertinent here, reads:

". . . all by-laws or ordinances of a general or permanent nature . . . shall be published in some newspaper of general circulation in the corporation."

It is our opinion that Resolution 94 was of both a general and a permanent nature. It is general in that it necessarily affected all the people of the City. It was certainly permanent in that it would be effective until repealed. In the case of *City of El Dorado* v. *Citizen's Light and Power Company,* 158 Ark. 550, 250 S. W. 882,

this Court discussed ordinances of a "general or permanent nature" and made the following statement:

"Of cour~e all ordinances enacted by city councils are not permanent in the sense that they cannot be repealed, but those which endure until repealed are deemed to be permanent . . . ."

It is our judgment, in view of what has been pointed out above that Resolution 94 was in fact an ordinance which had to be published and that the referendum petition in this case was timely filed.

Affirmed.