The Honorable Claude V. Cash State Representative State Capitol, Room 350 Little Rock, AR 72201-1089
Dear Representative Cash:
This is in response to your request, on behalf of the Mayor of the City of Trumann, for an opinion regarding a local Petition for Referendum ("Petition") filed in the City of Trumann. It is my understanding that this Petition was filed because the Trumann City Council passed Resolution No. 527,[1] transferring administrative authority over federal grant money from the Board of Commissioners of the Trumann Housing Authority ("P.H.A.") to a newly created board known as the Trumann Industrial Development Commission ("T.I.D.C."). This federal grant money was given to the Arkansas Industrial Development Commission ("A.I.D.C.") by the Housing and Urban Development Agency ("H.U.D.") pursuant to 42 U.S.C.A. § 5301-5306. You have requested an opinion on the legality of this Petition.
A review of the relevant federal laws and guidelines is necessary to determine if federal law governs the question of a city council transferring administrative authority of grant money from one local authority to another. Under the Supremacy Clause of the United States Constitution, any relevant state law or local ordinances or referendums would yield to federal law. Article 6, § 2. The relevant federal law cited above does not address the question of a transfer of local administrative authority. Federal law appears to give the City of Trumann, as a grantee of these funds, plenary authority in this regard. See Federal Register, Vol. 37 § 570.303, Rules and Regulations. Similarly, state law is silent on the question. See generally, A.C.A. § 15-4-101—212 (1987 and Cum. Supp. 1991).
It is contended that because the City of Trumann, as grantee, is required by federal and state guidelines to submit a "re-use" plan to continue to receive these funds, and because the A.I.D.C. approved this "re-use" plan with the knowledge that the newly created T.I.D.C. was to administer these funds, a referendum cannot be held on the measure because a local referendum cannot be held to challenge a state law. Although no local referendum can be enacted contrary to the general laws of this state (Ark. Const. Amend. 7) federal and state law are silent on the subject of this referendum. It is my opinion that the AIDC's approval of a reuse plan is not a "state law" which is necessarily immune to a referendum. The Petition would not, therefore, appear to be "contrary" to state law.
It should be noted, however, that this referendum may seek to overturn administrative rather than legislative action. Administrative actions by a city council are not subject to referendum. City of NLR v. Gorman, 264 Ark. 150, 568 S.W.2d 481
(1978). The Arkansas Supreme Court has stated that the test for determining whether a local ordinance is a legislative measure (and thus subject to the initiative or referendum) or an administrative one (not subject to this petition process) ". . . is . . . whether the proposition is one that makes new law or . . . executive{s} a law already in existence. The power or authority to be exercised is legislative in nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body. . . ." Gregg v. Hartwick, 292 Ark. 528, 531,731 S.W.2d 766 (1987) and City of North Little Rock v. Gorman,supra.
The ultimate question, however, of whether the action taken by the Trumann City Council is administrative or legislative will involve an analysis of all the surrounding facts. This office is not empowered as a fact finder. A definitive resolution of this issue, therefore, can only be achieved through resort to the judicial branch.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The fact that the measure was effected by resolution rather than by ordinance does not, in itself, prohibit a referendum on the measure. In City of Eureka Springs v. Brightman,243 Ark. 836, 422 S.W.2d 681 (1968) the court held that if a resolution carries the same general or permanent effect as a city ordinance, it is subject to a referendum.