The Honorable Tom Courtway State Representative P.O. Box 56 Conway, AR 72033-0056
Dear Representative Courtway:
You have requested an Attorney General opinion concerning the effective dates of city ordinances.
You state that a question of effective dates has arisen in certain communities that do not publish ordinances in a newspaper of general circulation. Rather, these communities post their ordinances in several places in town, pursuant to A.C.A. § 14-55-206(a)(1)(B). The ordinances are then filed with the Circuit Clerk.
You have asked:
 (1) If a city ordinance is adopted and contains an emergency clause, when does the ordinance become effective?
 (2) What facts must a city council rely on in the establishment of an emergency clause? If the emergency clause is later challenged, what standard of review do the courts use in determining the validity of the emergency clause?
RESPONSE
Question 1 — If a city ordinance is adopted and contains an emergencyclause, when does the ordinance become effective?
It is my opinion that a city ordinance that contains an emergency clause becomes effective upon passage. That is, such an ordinance becomes effective as soon as it is voted upon by the requisite number of council members.
The provision in Arkansas law for emergency clauses in local ordinances is contained in Amendment 7 to the Arkansas Constitution, which governs the initiative and referendum process (and which applies to local measures as well as to state-wide measures). The pertinent section of Amendment 7 states:
 Emergency — If it shall be necessary for the preservation of the public peace, health and safety that a measure shall become effective without delay, such necessity shall be stated in one section, and if upon a yea and nay vote two-thirds of all the members elected to each house, or two-thirds of all the members elected to city or town councils, shall vote upon separate roll call in favor of the measure going into immediate operation, such emergency measure shall become effective without delay. It shall be necessary, however, to state the fact which constitutes such emergency. Provided, however, that an emergency shall not be declared on any franchise or special privilege or act creating any vested right or interest or alienating any property of the State. If a referendum is filed against any emergency measure such measure shall be a law until it is voted upon by the people, and if it is then rejected by a majority of the electors voting thereon, it shall be thereby repealed. The provisions of this subsection shall apply to city or town councils.
Ark. Const., am. 7 (emphasis added).
The above-quoted language is unambiguous in its statement that measures passed with an emergency clause are to go into effect immediately upon passage. The Arkansas Supreme Court has held that a measure that has been passed under a suspension of the three-day reading rule,[1] and with an emergency clause (and which is not penal in nature),[2] goes into effect immediately upon adoption, and is not suspended pending its publication. Kemp v. Simmons, 244 Ark. 1052, 428 S.W.2d 59 (1968). TheKemp court made clear that measures passed with emergency clauses must still be published (pursuant to A.C.A. § 14-55-202), but their effective date is not suspend until their publication.[3]
Question 2 — What facts must a city council rely on in the establishmentof an emergency clause? If the emergency clause is later challenged, whatstandard of review do the courts use in determining the validity of theemergency clause?
It is my opinion that in order to justify the inclusion of an emergency clause in a municipal ordinance, the city council must rely upon facts that show "some sudden or unexpected happening that creates a need for action." The Arkansas Supreme Court recently defined the term "emergency" in this way in Burroughs v. Ingram, 319 Ark. 530, 535, 893 S.W.2d 319
(1995). The court reiterated this definition in Priest v. Polk,322 Ark. 673, 682, 912 S.W.2d 902 (1995). The court has also described an emergency as "a condition or fact which, if ignored, would imperil the public peace, health and safety[.]" Cunningham v. Walker, 198 Ark. 928,932, 132 S.W.2d 24 (1939). Moreover, the court has held that an academic declaration of a known governmental requirement, or the assertion of an administrative truism, will not, standing alone, constitute such an emergency as to require the immediate operation of a law. Id. at 928.
The court has established a test for determining whether a real emergency exists so as to justify the inclusion of an emergency clause. InBourroughs, supra, the court stated the test as follows: "[I]f reasonable people might disagree about whether the enunciated fact states an emergency, the clause will be upheld. However, if reasonable people would not think that the facts stated constitute an emergency, then the legislative body has acted arbitrarily and in violation of Amendment 7, and the courts will set the emergency clause aside." Borroughs,319 Ark. at 534.
I must note that if an emergency clause is challenged and a court determines that no real emergency existed, that determination would not render the ordinance invalid. The Arkansas Supreme Court has held that the effect of the invalidation of an emergency clause is simply that instead of the legislation in question taking effect immediately, it takes effect as though it did not include an emergency clause. Beaumontv. Faubus, 239 Ark. 801, 394 S.W.2d 478 (1965). The invalidation of an emergency clause therefore does not render the legislation to which it is attached invalid.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] See A.C.A. § 14-55-202.
[2] Due process concerns dictate that measures dealing with certain issues should not be passed with emergency clauses. In this regard, it should also be noted that Amendment 7 explicitly prohibits certain measures from being passed with emergency clauses. See Ark. Const., am. 7.
[3] Arkansas law is somewhat unclear as to the effective date of ordinances passed without emergency clauses. Amendment 7 provides that the citizens are to be allowed the right to file a petition for referendum of any local measure no less than thirty days nor more than 90 days after the measure was passed by the city's governing body. See Ark. Const., am. 7. However, Amendment 7 does not explicitly state (as it does regarding state-wide referenda) that referred measures (without emergency clauses) are to be held in abeyance until voted upon. Although there is some suggestion that measures passed without emergency clauses are effective at the time of their publication, see City of Eureka Springsv. Brightman, 243 Ark. 836, 422 S.W.2d 681 (1968) and Ops. Att'y Gen. Nos. 86-239, 98-082, and 97-046, the Arkansas Supreme Court has not squarely addressed this issue. Legislative clarification of this issue would be helpful.