SLIP OPINION

Cite as 2017 Ark. 82

# SUPREME COURT OF ARKANSAS

No. CV–16–607

| | |
|---|---|
| GEORGE PRITCHETT<br><br>APPELLANT<br><br>V.<br><br>LANCE SPICER, CITY CLERK OF THE CITY OF HOT SPRINGS, ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 9, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-16-302]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

This case stems from a referendum petition regarding land annexation in Garland County, Arkansas. On January 19, 2016, the Board of Directors of the City of Hot Springs passed Ordinance No. 6121 entitled, "An Ordinance Annexing Certain Lands that Are Completely Surrounded by the Incorporated Limits of the City of Hot Springs Enclave Area B (Tracts A & B); and for Other Purposes." On January 24, 2016, the City of Hot Springs published the ordinance in the Hot Springs Sentinal Record. On February 23, 2016, Mr. Rex Louis Houston, Jr., a petition sponsor, delivered a referendum petition in opposition to Ordinance No. 6121 to appellee, Lance Spicer, city clerk of Hot Springs. On that same day, Spicer rejected the petition as untimely and notified Houston.

On March 22, 2016, appellant, George Pritchett, filed a petition for writ of mandamus in the Garland County Circuit Court requesting a writ commanding Spicer to accept and certify the petition and/or that the City of Hot Springs and its officials certify the petition.

On May 2, 2016, the circuit court conducted a hearing on the petition for writ of mandamus. On May 16, 2016, by letter order, the circuit court denied Pritchett's petition and determined that Hot Springs Ordinance No. 4533 governs the time for filing the petition and that Pritchett's petition was untimely. On May 23, 2016, Pritchett filed a motion for reconsideration. On June 2, 2016, the circuit court entered an order and judgment denying Pritchett's petition for writ of mandamus. Pritchett timely filed a notice of appeal and subsequently amended his notice of appeal to appeal the deemed denial of his motion for reconsideration.

From the circuit court's order denying his petition for writ of mandamus, Pritchett appeals and presents four issues: (1) the circuit court erred when it held that Ordinance No. 4533 governs the time for filing a referendum petition; (2) the circuit court erred when it held that Act 1093 is void to the extent it established contrary deadlines for filing referendum petitions for local measures; (3) Ordinance No. 4533 is subject to strict scrutiny and is unconstitutional; and (4) the circuit court erred in holding that the deadline for filing a referendum petition is thirty days after the passage of an ordinance.

*Standard of Review*

The purpose of a writ of mandamus in a civil or a criminal case is to enforce an established right or to enforce the performance of a duty. *Smith v. Fox*, 358 Ark. 388, 193 S.W.3d 238 (2004). When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004). The standard of review on a

SLIP OPINION

denial of a writ of mandamus is whether the circuit court abused its discretion. *Dobbins v. Democratic Party of Ark.*, 374 Ark. 496, 499, 288 S.W.3d 639, 641 (2008). A circuit court abuses its discretion when it makes a decision that is arbitrary or capricious. *Ortho-McNeil-Janssen Pharm., Inc. v. State*, 2014 Ark. 124, 18, 432 S.W.3d 563, 575 (internal citations omitted).

Additionally, this appeal requires us to interpret the Arkansas Constitution. We review questions of constitutional construction de novo. *See Wilson v. Weiss*, 370 Ark. 205, 258 S.W.3d 351 (2007). When interpreting the constitution, our task is to read the laws as they are written and interpret them in accordance with established principles of constitutional construction. *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002). Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. *Proctor v. Daniels*, 2010 Ark. 206, 392 S.W.3d 360. Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Id.* Further, the Arkansas Constitution must be considered as a whole, and every provision must be read in light of other provisions relating to the same subject matter. *Forrester v. Daniels*, 2010 Ark. 397, 373 S.W.3d 871. Also, amendment 7 to the Arkansas Constitution must be liberally construed in order to effectuate its purposes. *Porter v. McCuen*, 310 Ark. 674, 839 S.W.2d 521 (1992). Finally, we note when interpreting statutes, our review is de novo, as it is for this court to decide what a statutory provision means. *Ark. Hotels and Entm't, Inc. v. Martin*, 2012 Ark. 335, 423 S.W.3d 49. In considering the meaning of a statute, we consider it just as it reads, giving the words their ordinary and

SLIP OPINION

usually accepted meaning. *Miller v. Enders*, 2013 Ark. 23, at 5–6, 425 S.W.3d 723, 726–27 (internal citations omitted). With these standards in mind, we turn to the merits of Pritchett's appeal.

*Points on Appeal*

A. Ordinance No. 4533

Pritchett first contends that the circuit court erred when it found that Ordinance No. 4533 governs the time for filing a referendum petition on Ordinance No. 6121. In reviewing the applicable constitutional provisions, amendment 7 provides in pertinent part:

§ 1. General Assembly--Initiative and Referendum

The legislative power of the people of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people reserve to themselves the power to propose legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the power, at their own option to approve or reject at the polls any entire act or any item of an appropriation bill.

. . . .

**Local for Municipalities and Counties**. The initiative and referendum powers of the people are hereby further reserved to the legal voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith. *Municipalities may provide for the exercise of the initiative and referendum as to their local legislation*. General laws shall be enacted providing for the exercise of the initiative and referendum as to counties. . . . In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty days nor more than ninety days before the election at which it is to be voted upon; *for a referendum petition at not less than thirty days nor more than ninety days after the passage of such measure by a municipal council*; nor less than ninety days when filed against a local or special

measure passed by the General Assembly.

. . . .

> **Self–Executing**. This section shall be self-executing, and all its provisions shall be treated as mandatory, but laws may be enacted to facilitate its operation. No legislation shall be enacted to restrict, hamper or impair the exercise of the rights herein reserved to the people.

(Emphases added.)

The plain language of amendment 7 demonstrates that municipalities may pass local legislation regarding referendum petitions. Further, the plain language of amendment 7 provides that no legislation shall be enacted to restrict, hamper, or impair the exercise of the rights reserved to the people.

Pursuant to amendment 7, we now turn to the local legislation in Hot Springs that has been enacted to facilitate amendment 7 and referendum petitions. Ordinance No. 4533, codified at Code of Ordinances of Hot Springs, Arkansas § 1-2-1.2, titled "An Ordinance Fixing the Period Within Which Initiative and Referendum Petitions May Be Filed; And Prescribing Other Matters Related Thereto" provides in pertinent part:

> **Section 2**. **Filing Times.** . . . The time for filing a referendum petition shall be within thirty (30) days after the passage of any ordinance or resolution. All such petitions shall be filed during normal business hours in the office of the city clerk within the time frames enumerated herein.

In denying Pritchett's petition for writ of mandamus, the circuit court held that:

Amendment 7 of the Arkansas Constitution empowers municipalities to provide for the exercise of the initiative and referendum as to their local legislation. It provides municipalities may set the filing date of the referendum petitions at not less than thirty (30) days or more than ninety (90) days after the passage of such measure by a municipal council.

Pursuant to the authority of Amendment 7 of the Arkansas Constitution, the City of Hot Springs passed Ordinance No. 4533 codified at Hot Springs Code § 1-2-1.2 providing referendum petitions must be filed within (30) days of the passage of such measure by the Board of Directors.

Here, based on the plain language of amendment 7 and Hot Springs Code § 1-2-1.2, (Ordinance No. 4533, March 4, 1996), it is clear that the filing deadline is 30 days after the passage of the ordinance. Accordingly, the deadline was February 19, 2016, 30 days after Ordinance No. 6121 was passed on January 19, 2016. Pritchett filed his referendum petition on February 23, 2016, after the deadline had passed. Therefore, we affirm the circuit court's denial of Pritchett's petition for writ of mandamus on this point.

## B. Act 1093 of 2015

For his second point on appeal, Pritchett contends that the circuit court erred because his referendum petition was timely filed pursuant to Act 1093 of 2015, Ark. Code Ann. §§ 14-47-124 and 14-55-304 (Supp. 2015), which grant sponsors of referendum petitions sixty (60) days to gather signatures, "while Hot Springs City Code 1-2-1.2 only gives you thirty days to file." Pritchett asserts that these laws are in conflict—"the City has no authority to enact legislation, then it must follow that the Legislature can dictate the powers granted." Pritchett further asserts that the conflict may be resolved by amendment 7 which states that laws in conflict must be repealed.

Arkansas Code Annotated § 14-47-124, "Initiative and referendum laws," provides in pertinent part as follows:

(a) The initiative and referendum laws of this state are applicable to cities reorganized under this chapter.

6

. . . .

> (c) Except for a municipal referendum petition concerning a municipal bond, a sponsor shall be given sixty (60) days to circulate a municipal referendum petition.

Next, Ark. Code Ann. § 14-55-304, "Municipal referendum petition," provides, "Except for a municipal referendum petition concerning a municipal bond, a sponsor shall be given sixty (60) days to circulate a municipal referendum petition."

At issue is the circuit court's ruling where it held that

> [t]he Arkansas Supreme Court has specifically held in *Cobb v. Burress*. 213 Ark. 177 (1948) that any legislative attempt to impair the municipality's right to choose the filing date of a referendum petition within the confines of Amendment 7 is void. To the extent [Pritchett] argues that Act 1092 of 2015 is void, codified at A.C.A. § 14-47-124(c) controls the filing deadline of a referendum petition, the Arkansas Supreme court has ruled in *Cobb*, such legislation is void. The Arkansas Supreme court made clear in the *Cobb* case, the Arkansas Legislature cannot limit the right of municipalities to fix the time for filing such referendum petitions.

Pritchett asserts that the circuit court erred, contending that Ark. Code Ann. §§ 14-47-124 and 14-55-304 are in conflict with Ordinance No. 4533, and sixty days is the prescribed deadline for filing a referendum petition. We disagree. First, both statutes dictate a deadline within which to circulate a referendum petition, not file a referendum petition with the city clerk. Second, neither statute identifies when the time commences. Third, in *Cobb v. Burress*, 213 Ark. 177, 182, 209 S.W.2d 694, 697 (1948), Burress, a taxpayer, filed a referendum petition 54 days after the city of Jonesboro had passed a local ordinance. At the time it was filed, the City of Jonesboro had not enacted an ordinance proscribing the time for filing the referendum petition. Based on a state statute that provided the time for filing was thirty days after the ordinance was passed, the city clerk refused to accept and certify the referendum

petition. Burress filed a petition for writ of mandamus in the circuit court asserting that the clerk must accept and certify his referendum petition. The circuit court issued the writ and the city clerk appealed. We affirmed and explained,

> Until the City of Jonesboro fixes some time by municipal ordinance, then the constitutional language of 'not less than thirty days nor more than ninety days' is the applicable period. The Legislature cannot limit the right of the municipalities in this regard. *Kitchens v. Paragould*, 191 Ark. 940, 88 S.W.2d 843, while not in point on the question here involved, nevertheless, shows a judicial recognition that the Legislature cannot impede municipalities in their exercise of constitutionally granted powers.

Accordingly, to the extent that a municipality enacts measures that comport with amendment 7, then those measures control. Here, the City has set the deadline at thirty (30) days, which comports with amendment 7. However, without offering a basis, Pritchett urges us to overrule *Cobb*. We decline the invitation. Pritchett further contends that *Cobb* is an anomaly. However, we disagree. As we explained in *Cobb*, amendment 7 to the Arkansas Constitution clearly provides that "in municipalities and counties the time for filing a referendum petition [shall not be fixed at] less than thirty days nor more than ninety days after the passage of such measure by a municipal council; nor less than ninety days when filed against a local or special measure passed by the General Assembly." Finally, we must note that although Pritchett alleges the statutes control, his argument is misplaced. Based on our discussion above, the statutes address the circulation of referendum petitions, not the filing of referendum petitions. In any event, consistent with our long-standing precedent, constitutional provisions prevail over statutes. *Ark. Power & Light Co. v. Curlin*, 187 Ark. 562, 61 S.W.2d 73, 74 (1933)("if . . . the statute conflicts with the constitutional mandate, the

Constitution must prevail"); *see also Arkansas Game & Fish Comm'n v. Edgmon*, 218 Ark. 207, n.1, 235 S.W.2d 554 n.1 (1951). Therefore, based on our standard of review and our discussion above, we do not find merit in Pritchett's argument, and we affirm the circuit court.

### C. Hot Springs City Code and Ordinance No. 4533 Are Unconstitutional and Subject to Strict Scrutiny

For his third point on appeal, Pritchett contends that the Hot Springs Code is unconstitutional and Ordinance No. 4533 is unconstitutional, impinges on a fundamental right, is subject to strict scrutiny review, and fails the strict–scrutiny test because the ordinance is not narrowly tailored. However, based on the record before us, Pritchett failed to present this argument to the circuit court and obtain a ruling for our review. "The failure to obtain a ruling on an issue, even a constitutional one, precludes our review on appeal. *See Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004) (explaining that failure to obtain a ruling precludes review of an issue because, under appellate jurisdiction, this court is limited to reviewing a ruling or order of a lower court). When a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal." *Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, 4–5, 425 S.W.3d 718, 721 (internal citations omitted). Because Pritchett did not present or obtain a ruling on this argument that he now argues on appeal, we are precluded from addressing the merits of his challenge.

### D. Publication of the Ordinance Controls the Date for Filing

For his final point on appeal, Pritchett asserts that the circuit court erred when it

determined that the deadline for filing a referendum petition on Ordinance No. 6121 was thirty days after the passage of the measure. Pritchett contends that the time for filing is triggered from the date the ordinance is published, not passed, and that Arkansas statutes are unclear.

With regard to the time for filing a referendum petition, Ordinance No. 4533 states "**Section 2**. **Filing Times.** . . . The time for filing a Referendum Petition shall be within thirty (30) days after the passage of any ordinance or resolution." Similarly, Amendment 7 provides that the "filing . . . for a referendum petition at not less than thirty days nor more than ninety days after the passage of such measure by a municipal council."

In its June 2, 2016 order, the circuit court denied Pritchett's claim and held that the filing deadline commenced on the date of passage of the ordinance:

> There is no need for this Court to consider Plaintiff's inquiry as to whether the date of publication or the date of the ordinance was passed begins the thirty (30) day clock to file a referendum petition as to the Hot Springs Ordinance No. 4533, codified at Hot Springs Code § 1-2-1.2 states in Section 2: "*The time for filing a Referendum Petition shall be within thirty (30) days after the **passage** of any ordinance or resolution*." Ordinance No. 6121 clearly states it was (**PASSED: January 19, 2016**). Mandamus is not an appropriate remedy to change existing law. (emphasis added).

Pritchett contends that the circuit court erred in its determination that the date of passage commences the time to run and urges us to reverse the circuit court. Relying on three cases, *Railey v. City of Magnolia*, 197 Ark. 1047, 126 S.W.2d 273 (1939), *Phillips v. City of Eureka Springs*, 312 Ark. 57, 847 S.W.2d 21 (1993) and *City of Eureka Springs v. Brightman*, 243 Ark. 836, 422 S.W.2d 681 (1968), Pritchett contends that the date of publication commences the thirty day time period to file a referendum petition. However, these cases

do not support Pritchett's position.

First, in *Railey*, Railey sought to enjoin city officials from proceeding under a local ordinance which authorized an election regarding the construction of a municipal hospital. Pritchett contends that *Railey* is on point. However, *Railey* addresses the effective date of an ordinance, which is not at issue in this case.

Second, in *Phillips*, Phillips sought declaratory relief from the circuit court asserting that municipal ordinances were invalid because the City of Eureka Springs had not complied with the proper publication of municipal ordinances. Pritchett contends that *Phillips* supports his position that the date of publication controls the date of filing his referendum petition and that his referendum petition was timely filed. However, *Phillips* does not address the filing of a referendum petition. Instead, Phillips addresses proper publication procedures and does not support Pritchett's position.

Third, *Brightman*, is likewise not on point. We explained in *Brightman* that the "only issue on appeal is one of law, i.e. whether or not Resolution 94 as passed by the City Commissioners of Eureka Springs, Arkansas, was a Resolution, or, in fact, an Ordinance." *Brightman* did not address referendum petitions or filing deadlines in that case, and does not support Pritchett's argument.

Finally, the plain language of both Ordinance No. 4533 and amendment 7 clearly state that the date of *passage* of the ordinance is the date from which the time runs rather than the date of *publication*. Accordingly, here, the deadline was February 19, 2016, 30 days after the ordinance was passed on January 19, 2016. Therefore, based on our standard of review and

the discussion above, we affirm the circuit court on this point.

Affirmed.

*Benjamin D. Hooten*, for appellant.

*Brian Albright*, Hot Springs City Attorney; and *Friday, Eldredge & Clark, LLP*, by:

*Elizabeth Robben Murray* and *Tory H. Lewis*, for appellees.