RHONDA K. WOOD, Associate Justice
Appellant Carl Lee Linell seeks relief from the denial of his writ of mandamus that sought to order the Jefferson County Prosecuting Attorney S. Kyle Hunter to authorize the release of information and evidence from his criminal case from the Arkansas State Crime Lab. As we find the circuit court did not abuse its discretion and that Linell was not entitled to the writ, we affirm.
Factual and Procedural History
Linell was convicted of two counts of capital murder and one count of attempted murder in 1983, for which he was sentenced to two terms of life imprisonment without parole and twenty years' imprisonment to be served consecutively. Pursuant to Arkansas Code Annotated section 12-12-312 (Supp. 2015), on October 22, 2015, Linell wrote Hunter, and requested authorization for the State Crime Lab to release "information/documents pertaining to [his] 1983 trial[.]" Linell specifically requested "information in regard to testimony given by state witnesses concerning a pistol allegedly belonging to a Mr. James Nelson." The prosecuting attorney denied authorization of the requested information.
On June 21, 2016, Linell filed a petition for writ of mandamus with the circuit court requesting the court order Hunter to grant authorization to the Arkansas State *484 Crime Laboratory to release the requested information and documents. Linell attached all the above-referenced correspondence to his pleading. The circuit court denied Linell's petition.
Writ of Mandamus
The purpose of a writ of mandamus in a civil or criminal case is to enforce an established right or to enforce the performance of a duty. Pritchett v. Spicer , 2017 Ark. 82, 513 S.W.3d 252. When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. Id. The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. Dobbins v. Democratic Party of Ark. , 374 Ark. 496, 288 S.W.3d 639 (2008). A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. Pritchett , 2017 Ark. 82, 513 S.W.3d 252.
On appeal, Linell argues that pursuant to Arkansas Code Annotated section 12-12-312 and Davis v. Deen , 2014 Ark. 313, 437 S.W.3d 694 (per curiam), he is entitled to "full access to the records and information he has sought" and that section 12-12-312"obligates the prosecuting attorney to release the information by giving [the] Arkansas Crime Laboratory (lab) permission to release the information so requested because it has nothing to do with none other than the appellant himself."
The State contends that the statutory language in section 12-12-312(a)(1)(B)(ii) no longer dictates mandatory disclosure as it had previously held in Davis and that the change in language adds a "prerequisite to disclosure." Specifically, the State contends that the language requires the prosecuting attorney to first know that the information in the documents retained by the crime lab would negate a defendant's guilt or reduce his punishment before the documents are required to be disclosed. Here, because the information Linell sought had no bearing on Linell's guilt or sentence, the State argues that the prosecuting attorney was not statutorily required to disclose the crime lab documents to Linell.
Arkansas Code Annotated section 12-12-312(a)(1)(B)(i) states that "[t]his section does not diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." When it comes to the Freedom of Information Act (FOIA), codified at Arkansas Code Annotated section 25-19-101 et. seq., this court has liberally interpreted the FOIA to promote access to public information. See Ark. Dep't of Corr. v. Shults , 2017 Ark. 300, 529 S.W.3d 628. Being mindful that section 12-12-312(a)(1)(A)(i) is an exception to the FOIA because the records, file, and information kept, obtained, or retained by the Arkansas State Crime Laboratory are privileged and confidential, the court interprets any exemptions to the FOIA narrowly and in favor of disclosure. Id.
In Davis , subsection (a)(1)(B)(i) stated that "[n]othing in this section shall be construed to diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." That language was amended by Act 892 section 1, which went into effect on July 27, 2011, and now states that "[t]his section does not diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." Ark. Code Ann. § 12-12-312(a)(1)(B)(i) (Supp. 2015). The language remains definitive that the defendant retains his right to full access of all records pertaining to the case-a right to full access which remains undisputed by all parties.
*485 However, Linell's action was one for writ of mandamus against Prosecuting Attorney Hunter. Arkansas Code Annotated section 12-12-312 (a)(1)(B)(ii) states that:
Promptly after discovering any evidence in a defendant's case that is kept, obtained, or retained by the laboratory, and which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment, the prosecuting attorney with jurisdiction over the case shall disclose the existence of the evidence to the defendant or his or her attorney.
The language of the statute makes clear that the duty of the prosecuting attorney to disclose is mandatory upon the attorney's discovery that evidence retained by the lab "tends to negate the guilt" or would "tend to reduce the punishment" of the defendant. This is not a ministerial function that is appropriate for a writ of mandamus absent the petitioner showing that the prosecutor discovered evidence retained by the lab that met the requirements of the statute. Because the prosecuting attorney's duty to disclose is not ministerial and because Linell failed to establish a clear and certain right to the relief sought, issuance of the writ of mandamus was not appropriate.[1] See Pritchett , 2017 Ark. 82, 513 S.W.3d 252. Accordingly, we affirm.
Affirmed.
Kemp, C.J., and Goodson, J., concur.
Baker and Hart, JJ., dissent.
Courtney Hudson Goodson, Justice, concurring.
I agree that a prosecutor's affirmative obligation to provide to defendants evidence from the crime lab that tends to negate a defendant's guilt or reduce the punishment is not ministerial, and I join the majority's opinion to affirm the circuit court. I write separately to emphasize my view that no authorization of any kind is required when the defendant is seeking crime-lab records that relate to his or her own case.
The Arkansas Freedom of Information Act (FOIA) generally provides that state records are available for public inspection and copying. Ark. Code Ann. § 25-19-105 (Supp. 2017). The FOIA does make exceptions. One such exception is a provision denying inmates the right to inspect and copy public records. Ark. Code Ann. § 25-19-105(a)(1)(B)(i). Records maintained by the Arkansas Crime Lab are more specifically addressed by Arkansas Code Annotated § 12-12-312 (Repl. 2016). In contrast to the rule that state records are generally open, records maintained by the Arkansas Crime Lab are generally privileged and confidential. However, § 12-12-312 contains exceptions that provide for the release of crime lab records in certain situations. For instance, subsection (a)(1)(A)(ii) provides that the appropriate court, prosecutor, or public defender may authorize release of crime-lab records. Subsection (a)(1)(B)(ii) places an affirmative duty on a prosecutor to disclose to the defendant or his or her attorney any crime-lab evidence that would tend to negate the defendant's guilt or reduce his or her punishment. Most importantly in this case, subsection (a)(1)(B)(i) provides that "[t]his section does not diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." As the majority notes, the statutory language is definitive that Linell retains his right to full access to all records pertaining to his *486 case. Linell's right to his own crime-lab records is not contingent upon the authorization of a court, prosecutor, or public defender. Likewise, the prosecuting attorney's affirmative duty to disclose favorable evidence is a matter entirely separate from Linell's right to access crime-lab records pertaining to his own case.
We have previously explained that the authorization referenced in subsection (a)(1)(A)(ii) "is discretionary as it relates to releasing information to the public ," but that a defendant "has a right to access all records pertaining to his case." Davis v. Deen , 2014 Ark. 313, at 2-3, 437 S.W.3d 694, 695 (emphasis added). Linell's request to the crime lab even cited our opinion in Davis v. Deen , and it should have been granted forthwith. The prosecutor's affirmative duty set forth in subsection (a)(1)(B)(ii) to disclose favorable evidence is an obligation that exists regardless of any request made. Pursuant to subsection (a)(1)(B)(i) and Davis , Linell therefore needs no authorization to access crime-lab records for his own case but must only request them from the custodian of records for the crime lab. Upon request, the records must be provided, and any official's failure to do so would be grounds for contempt proceedings.
I concur.
Kemp, C.J. joins.
Josephine Linker Hart, Justice, dissenting.
Arkansas Code Annotated section 12-12-312(a)(1)(B)(i) (Repl. 2016) could not be clearer: "This section does not diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." Davis v. Deen , 2014 Ark. 313, 437 S.W.3d 694, is likewise clear; it upholds a defendant's right to receive the information developed by the state crime lab in his case. Accordingly, the circuit court erred in denying Mr. Linell's petition for a writ of mandamus.
The purpose of section 12-12-312 is to exempt state crime-lab information from the general disclosure requirements of the Arkansas Freedom of Information Act so as to safeguard the privacy of the defendant not hamper his defense or allow the State to secretly gather a person's information. Accordingly, the majority's construction of section 12-12-312 is not only wrong, it is Orwellian. Contrary to the majority's analysis, section 12-12-312(a)(1)(B)(ii) does not add a barrier to a defendant's obtaining information in his case. It instead imposes an affirmative duty on the State, through the prosecutor, to "promptly" disclose exculpatory evidence. It states:
Promptly after discovering any evidence in a defendant's case that is kept, obtained, or retained by the laboratory and which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment, the prosecuting attorney with jurisdiction over the case shall disclose the existence of the evidence to the defendant or his or her attorney.
Pursuant to subdivision (B)(i), a defendant has a right to the information that the state crime lab has developed in his case. This means all evidence: inculpatory, exculpatory, and inconclusive. Mr. Linell has a right to this information.
I dissent.
Baker, J., joins.

This court can affirm the circuit court's decision because it reached the right result, albeit for the wrong reason. Jones v. State , 347 Ark. 409, 64 S.W.3d 728 (2002).