Cite as 2019 Ark. 297

# SUPREME COURT OF ARKANSAS

No. CV-19-223

| | |
|---|---|
| HOLLIS DEVIN MARTZ <br>                         APPELLANT <br><br> V. <br><br> JOHN FELTS, CHAIRMAN, ARKANSAS <br> BOARD OF PAROLE <br>                         APPELLEE | Opinion Delivered October 24, 2019 <br><br> PRO SE APPEAL FROM THE <br> JEFFERSON COUNTY CIRCUIT <br> COURT; MOTION TO FILE <br> SUPPLEMENTAL BRIEF <br> [NO. 35CV-17-838] <br><br> HONORABLE JODI RAINES DENNIS, <br> JUDGE <br><br> MOTION TO FILE SUPPLEMENTAL <br> BRIEF DENIED; DENIAL OF PETITION <br> FOR WRIT OF MANDAMUS <br> AFFIRMED. |

**JOSEPHINE LINKER HART, Justice**

Hollis Devin Martz appeals from the denial of his pro se petition for writ of

mandamus asking the circuit court to compel the Arkansas Board of Parole to set aside the

revocation of his parole. Martz has also filed a motion to supplement his brief. The circuit

court denied the petition on the basis that mandamus does not lie to correct matters that

are discretionary. We deny Martz's motion to supplement his brief and affirm the circuit

court's denial of his petition for a writ of mandamus.

Before we consider Martz's appeal, we first dispose of his motion to file a

supplemental brief. Martz's brief was filed on April 1, 2019. The appellee's brief was filed

on April 29, 2019. Martz did not tender his supplemental brief until August 27, 2019.

While we allow supplementation of briefs to correct deficiencies in an addendum, *see* Arkansas Supreme Court Rule 4-7(c)(1)(B)(3), the material that Martz wanted to add would, at best, be permissible in a reply brief. Per our rules, Martz's reply brief was due fifteen days after the State filed its brief, in this case, fifteen days from April 29, 2019. Because Martz did not timely file his supplemental brief, we decline to consider it. We now take up his main brief.

Martz was on supervised parole when he was arrested and charged with the following offenses: first-degree criminal mischief, possession of a firearm, aggravated assault on a family member, second-degree assault, and terroristic threatening. Martz also tested positive for controlled substances. Consequently, Martz's parole officer recommended that his parole be revoked. A revocation hearing was held in which the hearing officer found by a preponderance of the evidence that Martz had violated the conditions of his parole, and Martz was taken into custody by the Arkansas Department of Correction. In his petition for mandamus and in his arguments on appeal, Martz complains that the Arkansas Board of Parole failed to follow proper procedure in revoking his parole, and he also challenges the sufficiency of the evidence supporting the revocation.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *State v. Vittitow*, 358 Ark. 98, 186 S.W.3d 237 (2004). However, a writ of mandamus will not lie to control or review matters of discretion. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902. The

2

standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Linell v. State*, 2019 Ark. 25, 565 S.W.3d 482. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id.*

Questions of parole eligibility fall within the domain of the executive branch. *Benson v. Kelley*, 2019 Ark. 333, 561 S.W.3d 327. The General Assembly has vested in the parole board and its officers the discretion to revoke parole at any time if it is found by a preponderance of the evidence that the parolee has failed to comply with the conditions of his or her parole. Ark. Code Ann. § 16-93-705(a)(6) (Repl. 2016). Mandamus does not lie to control a public official's discretionary act. *T.J. ex rel. Johnson v. Hargrove*, 362 Ark. 649, 210 S.W.3d 79 (2005). Accordingly, the circuit court did not abuse its discretion by denying Martz's petition for the writ.

Motion to file supplemental brief denied; denial of petition for writ of mandamus affirmed.

*Hollis Devin Martz*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vincent P. France*, Ass't Att'y Gen., for appellee.

3