Cite as 2025 Ark. 131

# SUPREME COURT OF ARKANSAS
No. CV–24–247

| | |
|---|---|
| JEREMY KENNEDY | Opinion Delivered: September 25, 2025 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CV-23-920] |
| ARKANSAS PAROLE BOARD AND ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEES | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Jeremy Kennedy, who is incarcerated at a unit of the Arkansas Division of Correction, appeals the circuit court's order granting the appellees' motion to dismiss. We hold the circuit court did not abuse its discretion and affirm.

Kennedy filed a petition to proceed in forma pauperis with respect to a pro se petition for preliminary injunction[1] and a petition for declaratory judgment and writ of mandamus against the Arkansas Parole Board (APB)[2] and the Arkansas Division of Correction (ADC). After the circuit court granted his petition to proceed in forma pauperis, the appellees moved

---

[1]Kennedy does not contend on appeal that he was entitled to an injunction, and the claim is considered abandoned. *Sylvester v. State*, 2017 Ark. 309, 530 S.W.3d 346.

[2]The Arkansas Parole Board became the Arkansas Post–Prison Transfer Board on January 1, 2024. *See* Ark. Code Ann. § 16-93-201(a)(1) (Supp. 2023).

to revoke Kennedy's in forma pauperis status and to dismiss his pleadings. The motion was granted, and Kennedy filed a timely notice of appeal.

Kennedy's petition alleged that the APB had acted outside its statutory authority when it denied his transfer eligibility for two years and that the ADC would then be acting outside its statutory authority by declining to transfer him to the Division of Community Correction. He asserted that the denial was improper because his multiple felony convictions fell within a target group that were eligible for transfer and that the APB had no discretion. The circuit court granted the appellees' motion to dismiss and Kennedy appeals.

On a motion to dismiss, the facts alleged in the petition are treated as true and viewed in the light most favorable to the plaintiff. Our standard of review for an order granting a motion to dismiss is abuse of discretion. *Worden v. Kirchner*, 2013 Ark. 509, at 6, 431 S.W.3d 243, 247. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Griffin v. State*, 2018 Ark. 10, at 2, 535 S.W.3d 261, 262. When a petition is dismissed on a question of law, we conduct a de novo review.

First, we consider whether dismissal of the declaratory-judgment action was proper under sovereign immunity. Article 5, section 20 of the Arkansas Constitution provides: "The State of Arkansas shall never be made defendant in any of her courts." We have explained that lawsuits seeking declaratory relief against the state must be for acts that are ultra vires, unconstitutional, or illegal. *See Martin v. Haas*, 2018 Ark. 283, at 7–8, 556 S.W.3d 509, 514–15. This does not mean all lawsuits alleging unconstitutional acts can go forward. Each must still plead facts, if proven, that would establish entitlement to relief. *See Williams v. McCoy*, 2018 Ark. 17, at 4, 535 S.W.3d 266, 269.

We hold that the circuit court did not abuse its discretion in granting the motion to dismiss Kennedy's declaratory-judgment action. Kennedy failed to plead sufficient facts to overcome sovereign immunity. Generally, "[t]he determination of parole eligibility is solely within the province of the ADC." *Carroll v. Hobbs*, 2014 Ark. 395, at 3–4, 442 S.W.3d 834, 837. Declaratory-judgment relief "may be appropriate if the ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute." *Schuldheisz v. Felts*, 2024 Ark. 137, at 3, 696 S.W.3d 817, 820.

Kennedy's argument that the APB acted outside its authority is based on this court's decision in *Lenard v. Kelley*, 2017 Ark. 186, 519 S.W.3d 682. In *Lenard*, we held that the APB acted outside its statutory authority when it denied his transfer eligibility. *Id*. As necessary in these cases, *Lenard* required this court to review continually fluctuating parole-eligibility statutes. *Id*. It was necessary to know the date of his convictions in order to apply the correct statute.

Kennedy pleaded that he was convicted of residential burglary in 2009 and 2013, breaking or entering in 2018 and 2022, and criminal mischief and theft in 2022. Yet his petition does not provide the conviction dates. One relevant parole-eligibility statute, Arkansas Code Annotated section 16-93-615, has effective dates of July 27, 2011, February 20, 2013, August 16, 2013, April 1, 2015, and July 22, 2015, among others. Kennedy's petition therefore lacks the factual details of his conviction dates and which version of the statute would support his argument that the APB had misapplied the criteria for parole eligibility. And without the APB misapplication, he has no action against the ADC. Even taking the facts in the light most favorable to Kennedy, the petition does not contain

3

sufficient facts to establish that the APB erred in its treatment of Kennedy's eligibility for parole or transfer to a community correction facility. As a result, we hold that the circuit court did not abuse its discretion in dismissing the declaratory-judgment petition.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Linell v. State*, 2019 Ark. 25, at 2, 565 S.W.3d 482, 484. One who seeks mandamus relief must show a clear and certain right to relief and that there is no other remedy. *Id.* Again, for the above reasons, Kennedy failed to sufficiently plead facts showing that he was entitled to a clear and certain right to relief. We hold that the circuit court did not abuse its discretion when it dismissed Kennedy's mandamus petition.

Last, Kennedy appeals the circuit court's decision designating the dismissal as a "strike" under Arkansas Code Annotated § 16-68-607 (Supp. 2023). For a dismissal to constitute a strike, the circuit court had to determine that Kennedy's cause of action was frivolous or malicious or that he failed to state a claim upon which relief may be granted. *See* Ark. Code Ann. § 16-68-607(b); *Davis v. Kelley*, 2019 Ark. 64, 568 S.W.3d 268.

Arkansas Code Annotated section 16-68-607(b) provides that an incarcerated person may not bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if on three or more prior occasions while incarcerated or detained in any facility, the incarcerated person brought an action that was determined by a court to be frivolous or malicious or failed to state a claim on which relief may be granted. The appellees point to three prior suits brought by Kennedy that constituted a strike: *Kennedy v. Arkansas Parole Board*, 33CV-23-156 (denying Kennedy's in forma pauperis status); *Kennedy v. Felts*, 33CV-23-97 (granting defendants' motion to dismiss for failure to

4

state a claim); and *Kennedy v. Criminal Justice Coordinator*, 60CV-23-3883 (denying Kennedy's petition for leave to proceed in forma pauperis for failure to state a colorable cause of action). Kennedy does not present this court with a sufficient record on appeal to show that the circuit court abused its discretion in finding a strike. *McCullon v. State*, 2023 Ark. 190, 679 S.W.3d 358. We affirm the circuit court's decision to designate the dismissal as a strike.

Affirmed.

Special Justice JIM F. ANDREWS, JR. joins.

BAKER, C.J., concurs.

WOMACK, J., dissents.

BRONNI, J., not participating.

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, Kennedy improperly made the State a defendant when he petitioned for mandamus and declaratory relief in a new civil action below, 35CV-23-920.[3] Instead, he

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.*

[3] *See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

should have petitioned in his related, underlying criminal case.[4]  Accordingly, this court, like the circuit court below, lacks jurisdiction.  For these reasons, the circuit court's order must be reversed and the case dismissed.

*Jeremy Kennedy*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Laura Purvis*, Ass't Att'y Gen., for appellee.

---

[4]Kennedy has at least eighteen criminal cases, the first of which was opened in 1997. These include: CR-1997-170, CR-1997-299, CR1997-326, CR-1998-179, CR-2001-343, CR-2001-344, CR-2001-345, CR-2007-194, CR-2009-114, CR-2010-68, CR-2013-37, CR-2013-474, CR-2018-549, CR-2018-268, CR-2018-519, CR-2018-195, CR-2022-660, and CR-2022-627.